### 2355. JOHNSON *v.* HUGGINS, administrator.

1. An alleged creditor of an estate, suing upon the administrator's bond, should show that at the time his suit was filed he held an existing indebtedness against the estate, and that the administrator had committed a devastavit.
2. A judgment while dormant is not enforceable, but until it is finally barred by the statute of limitations (and the final bar does not attach until three years after dormancy begins), it is evidence of indebtedness. Hence, one suing upon an administrator's bond makes a prima facie case by introducing a dormant judgment, binding on the estate, together with an entry of nulla bona, made prior to the dormancy.
3. The execution introduced in evidence in this case appeared to be dormant, but not finally barred. The entry of nulla bona thereon was made prior to the beginning of the dormancy. The creditor having established both debt and devastavit, the court erred in awarding a nonsuit.

Action on bond; from city court of Athens—Judge West. December 2, 1909.

Submitted February 24,—Decided March 11, 1910.

*F. M. Johnson, Cobb & Erwin,* for plaintiff.

*T. S. Mell, W. M. Smith, John J. Strickland,* for defendant.

POWELL, J. Johnson sued the surety on the administrator's bond given by Huggins, administrator of the estate of one Garrett. The petition alleged, that the plaintiff held against the estate a debt of $250, which he had sued to judgment against the administrator, and that he had established a devastavit, by causing an entry of nulla bona to be made thereon. The proposition argued in the briefs of counsel for both sides is not the exact question that we find in the record. This leads us to fear that perhaps the record does not truly represent the facts of the case; but, of course, we must decide the matter upon the record. Both sides have argued the matter as if the fi. fa. which Johnson obtained against the administrator was not only dormant, but also dead,—as if the return of nulla bona, which will be presently mentioned, had never been entered upon the proper docket so as to keep the fi. fa. in life.

We recognize the rule that an alleged creditor of an estate, suing upon the administrator's bond, must show a debt against the estate, as well as a devastavit by the administrator. We think that the evidence of debt offered at the trial should not be barred by the statute of limitations in ordinary cases, and that in cases where a judgment is offered as an evidence of the debt, the judgment itself

should not be absolutely barred. A merely dormant judgment, however, while not enforceable, is evidence of debt; and notwithstanding the dormancy of the judgment, an entry of nulla bona, if made on the execution while it was enforceable, will establish the devastavit. From the record as appears here, Johnson's judgment was dormant, but not dead. The Civil Code, §3761, provides: "No judgment shall be enforced after seven years from its rendition, when no execution has been issued upon it and the same placed upon the execution docket, or when the execution has been issued and seven years have expired from the time of the record, upon the execution docket of the court from which the same issued, of the last entry upon the execution made by an officer authorized to execute and return the same. Such judgments may be revived by scire facias, or be sued on within three years from the time they became dormant." It will be seen, therefore, that a judgment becomes dormant after the expiration of seven years from the date of the last entry upon the execution docket, and becomes dead within ten years after that date, and that no entry will save the judgment from dormancy or final bar, unless the entry is recorded on the execution docket of the court in which the judgment was obtained, except in cases of judgments from justices' courts, as to which special provision is made. The fi. fa. attached as an exhibit to the record and introduced in evidence shows, that the judgment was obtained on August 22, 1895; that fi. fa. was issued thereon on March 28, 1900; that the sheriff, on March 31, 1900, made a return of nulla bona, and that on February 12, 1902, this entry of nulla bona was entered on the execution docket of the city court of Hall county, which was the court in which the original judgment was obtained. But for the record of this entry, the nonsuit would have been proper. However, this entry and the record of it having been made within seven years after the date of the original judgment, the execution did not become dormant until seven years from the date of the record of the entry, i. e. February 12, 1909; and the date for final bar became extended to February 12, 1912. The present suit was filed to the November, 1909, term of the city court of Hall county. Therefore, at the time the suit was filed, as well as at the time of the trial, which occurred in December, 1909, the judgment, though dormant, was still existent to such an extent as to be an evidence of debt. Whenever the debt and the devastavit

are established, suit on the bond is not barred; if brought within twenty years after the date of the devastavit. The case, as it appears from the record, is controlled by *Carter* v. *Coleby, 8 Ga.* 351; *Lockwood* v. *Barefield, 7 Ga.* 793; *Williams* v. *Price, 21 Ga.* 507. See also *Groves* v. *Williams, 68 Ga.* 598. It is true that there was introduced as part of the evidence a record of the proceedings in the city court of Hall county, brought by Johnson to establish an alias execution, in lieu of the original which had been lost, and it appears, from an interlineation made in the bill of exceptions by the trial judge, that it was recited in the course of that proceeding that the entry of nulla bona had not been entered on any docket. However, it appears as a matter of actual fact that the execution was entered on the proper execution docket; and this, we think, should control, rather that a mere recital in pleadings, especially where the recital was not made under such circumstances as to operate as an estoppel on the party making it. We conclude, therefore, that the judge erred in granting a nonsuit.

*Judgment reversed.*