## 51035. HEALEY v. MORGAN.

WEBB, Judge.

Sarasohn & Company, Inc., a foreign corporation without a certificate of authority to transact business in Georgia, assigned to Albert J. Healey its claim to proceeds under a contract with Julius T. Morgan for services in adjusting with the insurer a fire loss at Morgan's shopping center in Lithonia. Healey filed his complaint against Morgan for a sum alleged to be due under the assigned contract. Morgan moved to dismiss under Code Ann. § 22-1421 (b) and (c), his motion was sustained, and Healey appeals.

We affirm. The Georgia Business Corporation Code provides in § 22-1421 (b), "No foreign corporation that under this Code is required to obtain a certificate of authority shall be permitted to maintain any action, suit or proceeding in any court of this State unless before commencement of the action it shall have obtained such a certificate. . ." That Sarasohn was required to have a certificate of authority under Code Ann. § 22-1401 is conceded. It is further conceded that Sarasohn, not having such certificate, was prohibited under § 22-1421 (b) from maintaining this action. Although § 22-1421 (b) prohibits a foreign corporate assignee from maintaining such action unless the foreign corporate assignor has obtained a certificate of authority, it does not impose that prohibition against a person as assignee. Even so, however, an assignee can acquire no greater rights than his assignor had, and he takes it subject to the equities and defenses existing between the assignor and the debtor at the time of the assignment and until notice of the assignment is given to the person liable. Code § 85-1803; 6A CJS, Assignments § 115. The assignment by the

foreign corporation to a resident individual did not avoid the requirement of a certificate of authority for the corporation before filing suit.

Code Ann. § 22-1421 (c) states that any contract arising out of business transacted in this state by a foreign corporation not having a certificate of authority to do business in Georgia shall be voidable at the option of the other party to the contract, curable nevertheless by the obtaining of such certificate by the foreign corporation prior to final judgment. The alleged debtor declared the contract void, and Sarasohn never obtained a certificate of authority. For this reason also Healey's claim must fail.

*Judgment affirmed. Bell, C. J., and Marshall, J., concur.*

ARGUED SEPTEMBER 16, 1975 — DECIDED SEPTEMBER 30, 1975.

*Amato, Youngelson & Freedman, Steven M. Youngelson,* for appellant.

*Schreeder, Wheeler & Flint, David H. Flint,* for appellee.