## 55826. METRIC STEEL COMPANY v. BLI CONSTRUCTION COMPANY, INC. et al.

McMURRAY, Judge.

BLI Construction Company, Inc. contracted with the DeKalb County Board of Education to construct two high schools in that county. Metric Steel Company was one of the subcontractors to supply the structural steel on the high school projects. It, in turn, contracted with Dixie Metal Products, Inc. to furnish certain structural steel to be used on the job. Dixie Metal Products, Inc. shipped certain structural steel containing "shop-splices." Whereupon, the architect and engineer on said construction projects refused to approve the use of shop-splices contending that no such shop-splices were permitted under the drawings and specifications for said construction projects. This created certain delays in the shipping and resulted in the termination by the general contractor of Metric Steel Company's contract on these construction projects.

Whereupon, Metric Steel Company as plaintiff sued BLI Construction Company, Inc., the general contractor and Home Insurance Company, as surety having furnished a performance and payment bond on the projects

with BLI Construction Company, Inc. as principal. It also sought, in a separate count, judgment against Dixie Metal Products, Inc. in the event the court determined that BLI Construction Company, Inc. was justified in terminating plaintiff's contract to furnish the steel for said school projects.

Defendant BLI Construction Company, Inc. answered with a number of affirmative defenses, admitting jurisdiction, but generally denying plaintiff's claim. It also filed a counterclaim contending plaintiff had breached the contract in certain particulars and sought damages which it contends will be in excess of those claimed by the plaintiff.

Defendant Dixie Metal Products, Inc. answered denying jurisdiction and venue of the court since it was a nonresident corporation and otherwise denied the claim against it.

Thereafter, plaintiff rewrote its complaint averring breach of contract and tortious conduct by the various defendants, naming in addition thereto, the architectual firm and the project engineer as additional defendants.

Dixie Metal Products, Inc., the supplier of the structural steel, filed its counterclaim, including as a defendant in counterclaim the surety furnishing a bond for plaintiff Metric Steel Company, as principal, by reason of Metric Steel Company's failure and refusal to pay Dixie Metal Products, Inc. for furnishing and supplying said steel products.

Defendants BLI, its surety, the architect and the engineer, all made motions to dismiss plaintiff's complaint for failure to state a claim upon which relief could be granted and also due to plaintiff's failure to obtain a certificate of authority to do business in Georgia prior to commencing this action. The case was set down by special order for trial and prior thereto at a pre-trial hearing certain preliminary motions were heard under Code Ann. § 81A-112 (d) (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106; 1972, pp. 689, 692, 693). During argument, counsel for plaintiff admitted it did not have a certificate of authority as a corporation to transact business in this state, although contending its activities were merely as a supplier of steel not requiring

any local performance and this was a transaction in interstate commerce; hence it was not required to obtain a certificate of authority under Code Ann. § 22-1401 (Ga. L. 1968, pp. 565, 707; 1969, pp. 152, 201). The trial court granted the motions to dismiss plaintiff's complaint without prejudice for failure "to obtain a certificate of authority to do business in Georgia prior to commencing this action." The trial court also ordered that plaintiff's action against Dixie Metal Products, Inc. and its counterclaim against plaintiff be severed, and the issues in the counterclaim only were tried before a jury and a final judgment entered.

Plaintiff appeals the dismissal of its complaint sustaining the motions of the defendants general contractor, its surety, and the architect and engineer. *Held:*

The substance of the admissions by plaintiff's counsel, as well as facts as shown by the pleadings are that the plaintiff was a subcontractor having all the responsibilities for the fabrication and delivery of steel, as well as the delivery of shop drawings with reference to the construction of the two schools in DeKalb County. It was admitted that it came into Georgia "at the time the contract was signed," and "came in again with respect to a meeting," that is, one of its engineers and a couple of other employees during the progress of the job and that certain job drawings and other work were performed in the State of Georgia by these employees of the plaintiff. While counsel for plaintiff was of the opinion that all these admissions merely amounted to what he contended was the selling of steel under a purchase order in Georgia, the court considered these admissions and reached a different opinion. Under the admissions as made we cannot hold that the trial court erred in determining that plaintiff should have obtained a certificate of authority from the secretary of state authorizing the foreign corporation to transact business in this state under Code Chapter 22-14, as amended, with particular reference to Code Ann. § 22-1421 (Ga. L. 1968, pp. 565, 722; 1969, pp. 152, 196, 197) which specifically states, "[n]o foreign corporation that under this Code is required to obtain a certificate of authority shall be permitted to maintain any action, suit

or proceeding in any court of this State unless before commencement of the action it shall have obtained such a certificate." Considering the motion to dismiss as one involving a question of abatement the trial court may hear and determine such factual issue without a jury before trial although it may order the hearing and determination of these matters be deferred until the trial. See Code Ann. § 81A-112 (d), supra; *Hatcher v. Hatcher,* 229 Ga. 249, 250 (190 SE2d 533); *Watts v. Kegler,* 133 Ga. App. 231 (211 SE2d 177); *Rainwater v. Vazquez,* 135 Ga. App. 463 (218 SE2d 108). Whether or not the trial court considered the voluminous record of discovery here cannot be determined from its order. However, from the pleadings and admissions of counsel we cannot say that the court was without any evidence sufficient to sustain the dismissal of the complaint without prejudice under Code Ann. § 81A-112 (d), supra.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

ARGUED MAY 4, 1978 — DECIDED SEPTEMBER 14, 1978 — REHEARING DENIED OCTOBER 5, 1978 — ▮▮▮▮▮▮

*Phillips, Hart & Mozley, Robert B. Wedge,* for appellant.

*Harland, Cashin, Chambers, Davis & Doster, Joe G. Davis, Jr., Gambrell, Russell & Forbes, David A. Handley, James C. Huckaby, Jr., Kilpatrick, Cody, Rogers, McClatchey & Regenstein, James M. Koelemay, Susan A. Cahoon, Hallowes & Hodges, Borden R. Hallowes,* for appellees.