## 59604. SAFWAT v. UNITED STATES LEASING CORPORATION.

QUILLIAN, Presiding Judge.

The defendant appeals from the grant of plaintiff's motion for summary judgment. *Held:*

1. The defendant urges that since the plaintiff is a foreign corporation it was incumbent on the plaintiff to establish it had a certificate of authority to transact business in this state. See Code Ann. § 22-1401 (Ga. L. 1968, pp. 565, 707; 1969, pp. 152, 201).

Code Ann. § 22-1401 provides: "No foreign corporation shall have the right to transact business in this State until it shall have procured a certificate of authority so to do from the Secretary of State. Code Ann. § 22-1421 (b) (Ga. L. 1968, pp. 565, 722; 1969, pp. 152, 196, 197) further provides: "No foreign corporation that under this Code is required to obtain a certificate of authority shall be permitted to maintain any action, suit or proceeding in any court of this State unless before commencement of the action it shall have obtained such a certificate." However, under Code Ann. § 22-1421 (c) "The failure of a foreign corporation to obtain the certificate of authority to transact business in this State shall render voidable any contract of such foreign corporation arising out of business transacted in Georgia at the instance of any other party to such contract." Furthermore, the defendant could not avail himself of the benefit of Code Ann. § 22-1421 (b) except upon motion prior to judgment. Code Ann. § 22-1421 (c).

It is therefore evident that, although the party opposing a summary judgment ordinarily has no burden of proof, here the import of the statutory intent was that the defendant had to assert the invalidity of the contract in the court below. If he had done so, then the issue would have been presented as to whether the plaintiff was authorized to transact business in this state or was otherwise acting in conformity with the law. However, since the contract was not void but merely voidable it was necessary for the defendant to specifically disavow it predicated on the failure to comply with the statutory requirement.

In *National Heritage Corp. v. Mount Olive Memorial Gardens,* 244 Ga. 240 (260 SE2d 1), the Supreme Court held that the failure of a foreign corporation to obtain a certificate of authority to transact business in this state is properly the subject of a dilatory plea. See *Metric Steel Co. v. BLI Constr. Co.,* 147 Ga. App. 380, 383 (249 SE 2d 121). Matters in abatement are not proper subjects for determination by summary judgment motions. *Ogden Equipment Co. v. Talmadge Farms,* 232 Ga. 614 (208 SE2d 459). Hence, the

failure to raise such issue in the trial court precludes its assertion here.

2. The defendant's arguments as to the enforceability of the contract have been determined adversely to him in *U. S. Leasing Corp. v. Jones Pharmacy,* 144 Ga. App. 26 (240 SE2d 300).

3. The remaining bases for reversal urged by the defendant are without merit.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

SUBMITTED MARCH 4, 1980 — DECIDED APRIL 11, 1980.

*L. Eddie Benton, Jr.,* for appellant.
*James C. Cifelli,* for appellee.