## 61681. BOBST et al. v. CITIZENS & SOUTHERN FINANCIAL CORPORATION.

SOGNIER, Judge.

A. M. Smyre Manufacturing Co. (Smyre), a North Carolina corporation without a certificate of authority to transact business in Georgia, sold carpet yarn to Ivy Carpets, Inc. (Ivy) under invoices totalling $21,590.44. Appellants David and Janet Bobst, officers and directors of Ivy, executed a guarantee in favor of Citizens and Southern Financial Corporation (C&S), a Georgia corporation, which was assigned the account by Smyre. Ivy and appellants Bobst failed to pay the account and Smyre and C&S sued. Ivy did not file an answer. Appellants Bobst answered denying any personal indebtedness, and as a defense pleaded that "Smyre is not qualified to transact business in this state and until said plaintiff so qualifies, cannot maintain this action in this court, and said complaint should be dismissed." Smyre voluntarily dismissed its claim against appellants. C&S filed a motion for summary judgment against appellants which was granted. The Bobsts appeal, and we affirm.

Appellants contend that C&S, an assignee of Smyre, cannot maintain a suit on the Ivy account against appellant guarantors if Smyre did not have a certificate of authority to do business in the State of Georgia. We do not agree.

Code Ann. § 22-1401 requires foreign corporations to obtain a certificate of authority in order to transact business in Georgia. In addition, Code Ann. § 22-1421 provides: "(b) No foreign corporation that under this Code is required to obtain a certificate of authority shall be permitted to maintain any action, suit or proceeding in any court of this State unless before commencement of the action it shall have obtained such a certificate . . .

"(c) The failure of a foreign corporation to obtain the certificate of authority to transact business in this State shall render *voidable* any contract of such foreign corporation arising out of business transacted in Georgia at the instance of any other party to such contract, but such voidability may be cured by the foreign

corporation obtaining a certificate of authority provided such certificate of authority is obtained prior to final judgment in any action wherein this subsection is relied upon. The failure of such foreign corporation to obtain a certificate of authority shall not prevent such corporations from defending any action, suit or proceeding in any court of this State nor shall any party avail himself of the benefit of subsection (b) of this section except upon motion prior to judgment." (Emphasis supplied.) Thus, under this section a *party* to the contract must declare the contract void unless the foreign corporation obtains a certificate of authority prior to a final judgment, if the defending party is going to avail itself of the benefit of § 22-1421 (b). In the case sub judice, appellants are not *parties* to the contract between Ivy and Smyre for the sale of the carpet yarn. Rather, the Bobsts are guarantors only of the debt of Ivy by virtue of a separate contract with C&S. There is no indication in the record that Ivy disavowed the contract. Even if appellants could have disavowed the contract between Ivy and Smyre on the basis of Smyre's status as a foreign corporation, they did not do so. In fact, appellants, as officers and directors of Ivy, admitted that Ivy owed the amount payable on the contract.

Appellants cite *Healey v. Morgan,* 135 Ga. App. 915 (219 SE2d 628) (1975), for the proposition that the assignment by a foreign corporation to a resident individual does not avoid the requirement of a certificate of authority for the corporation before filing suit. However, in *Healey* the debtor declared the contract void, and this was not done in the instant case.

Thus, although the party opposing the motion for summary judgment ordinarily has no burden of proof, the assertion of invalidity of the contract is a prerequisite to raising the issue as to whether Smyre was authorized to transact business in Georgia. *Safwat v. U. S. Leasing Corp.,* 154 Ga. App. 341 (268 SE2d 395) (1980). Therefore, appellants' defense must fail. Since appellants have admitted all other factual allegations, summary judgment in favor of C&S was granted correctly.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JULY 1, 1981.

*John T. Avrett,* for appellants.
*Charles M. Hall, Kirk Keene,* for appellee.