## 65104. GORHAM JEWELERS, INC. v. A. COHEN & SONS CORPORATION et al.

BIRDSONG, Judge.
This is an appeal from the trial court's denial on March 2, 1982, of appellant/defendant's motion to dismiss and the grant of appellee's motion for summary judgment in its action on an account. Earlier, on November 2, 1981, the trial court entered a partial summary judgment in appellee's favor. The order provided that there was no genuine issue as to appellant's liability to appellee on the account but that an issue did remain as to appellee's compliance with Code Ann. § 22-1421, "said issue to be resolved after defendant files an appropriate written motion to dismiss pursuant to Code § 22-1421 . . . ." No appeal was taken from this order. On January 22, 1982, appellee filed a second motion for summary judgment declaring that it had complied with Code Ann. §§ 22-1401 and 22-1421. The motion was set for hearing on March 2, 1982. On March 1, 1982, appellant filed a motion to dismiss pursuant to Code Ann. § 22-1421(b). By order dated March 2, 1982, the trial court granted appellee's motion for summary judgment and denied appellant's motion to dismiss on the grounds that appellant's motion was untimely and the affidavits and certificates offered in support of appellee's motion conclusively demonstrated compliance with the certificate of authority

requirement imposed by Code Ann. § 22-1401. *Held:*

The record clearly establishes without any material issue of fact that appellee has complied with Code Ann. § 22-1401 and may properly maintain this action. The record shows that appellee was qualified to do business on October 18, 1978, the date this action was initiated and continued to be so qualified through February 25, 1981. The record also demonstrates that neither appellee nor its successors transacted business in this state, within the meaning of Code Ann. § 22-1401, after February 1, 1981, and thus would not be required to carry a certificate of authority after that date. Consequently, the trial court correctly held that appellee had complied with Code Ann. § 22-1401 and that the account on which this action arose was not voidable under Code Ann. § 22-1421. *Sportsman Camping Centers v. Bagwell,* 140 Ga. App. 312 (11) (231 SE2d 118).

Appellant attempts to circumvent its dilemma by arguing that the account was assigned to appellee by corporations not authorized to do business in Georgia and that the action is, therefore, not maintainable pursuant to Code Ann. § 22-1421(b). See *Healey v. Morgan,* 135 Ga. App. 915 (219 SE2d 628). However, the record contains no evidence indicating that there has been any such assignment of the account upon which this lawsuit is based or indicating that appellee is not the legal entity possessing this cause of action. The affidavits offered by appellee in support of its motions for summary judgment affirmatively rebut appellant's position in this regard. Appellant has shown no material issue of fact concerning appellee's compliance with Code Ann. §§ 22-1401 and 22-1421 and the trial court properly granted appellee summary judgment.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED JANUARY 10, 1983.

*Joseph R. Baker,* for appellant.
*William Carmichael,* for appellees.