A91A0912. MANUFACTURERS NATIONAL BANK OF
DETROIT v. TRI-STATE GLASS, INC.
(410 SE2d 808)

POPE, Judge.

Plaintiff Manufacturers National Bank of Detroit, in its capacity as assignee of FGP Industries, Inc., filed a complaint on account against defendant Tri-State Glass, Inc. Defendant answered and filed a motion to dismiss on the ground that plaintiff's assignor is a foreign corporation not authorized to transact business in this state which, pursuant to OCGA § 14-2-1502, may not maintain an action in any court of this state. The trial court conducted a hearing and dismissed the action and plaintiff appeals.

1. If the evidence shows a foreign corporation conducts business in the state but has not obtained a certificate authorizing it to do so, then a complaint brought by that corporation is subject to dismissal. *A. B. R. Metals &c. v. Roach-Russell, Inc.,* 135 Ga. App. 193 (217 SE2d 447) (1975). The same rule applies to the assignee of a foreign corporation not authorized to conduct business in the state. See *Healey v. Morgan,* 135 Ga. App. 915 (219 SE2d 628) (1975). In support of its motion defendant in this case submitted an affidavit of the Secretary of State attesting that the plaintiff's assignor had not obtained a certificate of authority to transact business in this state. This affidavit does not, however, establish the assignor engaged in any activity in this state. Thus, the prehearing record contained no evidence that the assignor engaged in any activity in the state other than the account which was the subject of the complaint. Activity related to a single transaction or contract is not sufficient to establish that a foreign corporation is transacting business in the state so as to require a certificate of authority. See *Reisman v. Martori, Meyer, Hendricks & Victor,* 155 Ga. App. 551 (1) (271 SE2d 685) (1980); see also OCGA § 14-2-1501 (b). Plaintiff thus argues the evidence in the case is insufficient to sustain the motion to dismiss.

A motion to dismiss an action on the ground the plaintiff is a foreign corporation which is not authorized to maintain an action in

this state is a dilatory plea, or a motion in abatement. See *National Heritage Corp. v. Mount Olive Memorial Gardens*, 244 Ga. 240 (260 SE2d 1) (1979); *Safwat v. United States Leasing Corp.*, 154 Ga. App. 341 (1) (268 SE2d 395) (1980). Motions in abatement are heard under the provisions of OCGA § 9-11-43 (b) "which contemplates consideration of evidence not appearing on the face of the record." *Dawson v. McCart*, 169 Ga. App. 434, 435 (2) (313 SE2d 135) (1984). See also *Ogden Equip. Co. v. Talmadge Farms, Inc.*, 232 Ga. 614 (208 SE2d 459) (1974). The defendant bringing a motion in abatement has the burden of proving the facts necessary to support a judgment of dismissal. See *Lukas v. Pittman Hwy. Contracting Co.*, 134 Ga. App. 305 (1b) (214 SE2d 398) (1975); *G. E. C. Corp. v. Southern Fabricators*, 122 Ga. App. 452 (2) (177 SE2d 497) (1970). The order dismissing the complaint states it is based on evidence presented by the defendant at the hearing. Plaintiff's notice of appeal, however, expressly directed the clerk of the trial court to exclude from the record any transcript and the record contains no transcript of the hearing. In the absence of a transcript of evidence, we must assume that the trial court's order is supported by sufficient evidence. *Brown v. Thomas*, 191 Ga. App. 679 (1) (382 SE2d 656) (1989). Accordingly, we must assume sufficient evidence was presented at the hearing on defendant's motion to support the trial court's dismissal of the complaint.

2. The trial court did not err in reciting in its order of dismissal that no evidence was presented in opposition to defendant's motion. The copy of a letter attached to plaintiff's brief in opposition to defendant's motion to dismiss was not sworn testimony, did not identify the author or attest that the information contained therein was within the author's personal knowledge and failed to set forth facts that would be admissible in evidence. Thus, the letter stating that "our client was simply involved in interstate commerce" was not competent evidence to establish that plaintiff did not transact business in the state.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 19, 1991.

*Lamb & Associates, R. Craig Henderson, Dennis E. Henry*, for appellant.

*Barry R. Chapman*, for appellee.