A92A2009. HALL v. BUSSEY et al.
(427 SE2d 818)

BLACKBURN, Judge.

Harold Bussey and Annie Ealy Bussey brought suit against Mattie Hall, alleging that Hall's operation of a day care center at her home constituted a nuisance. After a jury found that the center was a nuisance, the trial court entered judgment against Hall, ordering that the nuisance be abated and permanently enjoining her from "maintaining said nuisance." The trial court dismissed Hall's notice of appeal for failure to timely file the transcript, and this court affirmed the dismissal. *Hall v. Bussey*, 200 Ga. App. 311 (408 SE2d 430) (1991). In March 1992, the Busseys filed a petition for contempt, claiming that Hall had failed to comply with the prior judgment. The court entered an order holding Hall in contempt, and she appeals.

1. Appellant first contends the trial court erred by proceeding with the contempt hearing without allowing her 30 days to respond to the petition as required by USCR 6.2. The record reveals that appellees filed their petition on March 13, 1992, and mailed a service copy to appellant's counsel on that date. On the same day, appellees also obtained and served upon appellant a rule nisi setting a hearing for March 25.

USCR 6.2, when read in conjunction with USCR 6.1, provides that when motions are filed in civil actions prior to trial, the opposing

party shall file a response "not later than 30 days after service of the motion." A contempt petition, however, is not a pretrial motion, but is an independent proceeding. *Gibson v. Gibson*, 234 Ga. 528, 529-530 (2) (216 SE2d 824) (1975); see OCGA § 15-1-4 (a) (3). Thus, USCR 6.2, which governs pretrial motions, does not apply. Accord *Gibson*, supra (OCGA § 9-11-6 (d) (former Ga. Code Ann. § 81A-106 (d)), which sets time for service of written motions and notices of hearings, does not apply to contempt proceedings).

2. Appellant next contends the trial court abused its discretion in declining to grant her a continuance for the March 25 hearing. While no transcript of the contempt hearing is included in the record, appellant's counsel in the trial on the nuisance action testified by affidavit that he appeared at the contempt hearing on appellant's behalf and requested a continuance, but the court denied the request and proceeded with the hearing.

"It is well established that all continuances for which express provision has not been made [by statute] are granted or denied in the discretion of the trial court, and this court will not reverse such decisions absent a clear abuse of discretion. [Cits.]" *Payton v. Green*, 179 Ga. App. 438, 439 (346 SE2d 884) (1986). We deduce from the affidavit of appellant's counsel that he appeared at the hearing and requested a continuance on the ground that he had not had adequate time to prepare, but the trial court, after considering the circumstances, found insufficient justification to grant the continuance. "In the absence of the transcript of that hearing or other showing by appellant that the trial court abused its discretion by denying the motion, we will not reverse the decision. [Cits.]" Id. at 440.

3. In her final enumeration of error, appellant contends the trial court found her in contempt of the prior judgment without hearing evidence of abatement of the nuisance. "In the absence of a transcript of evidence, we must assume that the trial court's order is supported by sufficient evidence. [Cit.]" *Manufacturers Nat. Bank v. Tri-State Glass*, 201 Ga. App. 253, 254 (1) (410 SE2d 808) (1991). Accordingly, we must assume sufficient evidence was presented at the hearing to support the trial court's finding that appellant had failed to comply with the prior judgment compelling her to abate the nuisance. Id.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 9, 1993.

*John M. Clark*, for appellant.
*Evita A. Paschall*, for appellees.