## A99A2072. MANIGO v. JOHNSON.
(527 SE2d 282)

BLACKBURN, Presiding Judge.

Leroy Manigo, individually and d/b/a L & L Electrical Contractors (Manigo), appeals the trial court's award of damages to plaintiff Frances Johnson. Following a bench trial, the trial court determined that Manigo breached his written contract with Johnson in which he had agreed to perform certain electrical work by a specific date. The trial court awarded $4,500 to Johnson on her breach of contract claims and awarded Manigo nothing on his counterclaim for breach of contract. On appeal, Manigo raises several claims of error primarily concerning the sufficiency of the evidence supporting the judgment and the trial court's rulings on evidentiary admissions. However, because Manigo has failed to provide this Court with the full transcript of the trial, we affirm the trial court's judgment.

"The court is the trier of fact in a bench trial, and its findings will be upheld on appeal if there is any evidence to support them." *CRS Sirrine v. Dravo Corp.*, 219 Ga. App. 301, 302 (1) (464 SE2d 897) (1995).

1. By way of several assertions of error, Manigo contends that the evidence does not support the trial court's judgment. The underlying bench trial was presented to the court in two days. However, only the second day of the trial was reported by a court reporter. Additionally, the trial court denied Manigo's motion to create a transcript under OCGA § 5-6-41 (g). Therefore, we are unable to review those assertions which contest the sufficiency of the evidence. See *Hall v. Bussey*, 207 Ga. App. 310, 311 (3) (427 SE2d 818) (1993) (" 'In the absence of a transcript of evidence, we must assume that the trial court's order is supported by sufficient evidence.' ").

2. We have reviewed Manigo's assertions that the trial court erred by denying his attempt to introduce hearsay testimony regarding conversations he had with another person, who was not a party or a witness at trial, and find that the trial court did not abuse its discretion. See *Lewis v. Emory Univ.*, 235 Ga. App. 811, 817 (2) (509 SE2d 635) (1998) (admission or exclusion of evidence reviewed on an abuse of discretion standard).

3. Manigo's assertion that the trial court erred by denying his motion to compel is without merit. The record conclusively establishes that Manigo filed a motion to compel due to Johnson's failure to respond to discovery. Thereafter, Johnson responded to Manigo's discovery request, and the motion to compel was dismissed as moot. Manigo did not file a motion to compel regarding the adequacy of Johnson's responses which he now argues on appeal. Additionally, Manigo's counsel admitted at trial that it was too late to complain of Johnson's responses.

4. Johnson has filed a motion for damages asserting that Manigo's appeal is frivolous. Although we do not rule in Manigo's favor, we decline to assess damages.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED DECEMBER 23, 1999.

*David H. Fritts*, for appellant.
*Portman & Felser, Jeffrey A. Felser*, for appellee.