A05A1200. MAGNUM COMMUNICATIONS LIMITED
v. SAMOLUK.
(620 SE2d 439)

SMITH, Presiding Judge.

Magnum Communications Limited appeals from the trial court's grant of summary judgment to Gary Samoluk in this action to revive a dormant judgment. Because the grant of summary judgment in favor of Samoluk and the resultant dismissal of Magnum's action was based upon the trial court's incorrect interpretation and application of OCGA §§ 9-12-60 and 9-12-61, we reverse.

The record shows that in November 1984, Magnum obtained a judgment against Samoluk in the Superior Court of Cobb County (case one). In December 1992, Magnum filed an action in the State

---

Court of Cobb County to renew or revive the judgment it obtained in case one (case two). In January 1998, Magnum filed a motion for summary judgment in case two, which was granted in September 1998, reviving the judgment in case one. When Magnum reviewed the court records in early 2004 in preparation for obtaining a fi. fa., however, it found the file in case two "substantially incomplete" in that "virtually all of the important documents" were missing. To ensure that Samoluk would not take advantage of the file's status to argue that case two should be dismissed for want of a final order, Magnum filed the present action in February 2004 in the State Court of Cobb County. In this action, Magnum sought either a renewal of the original judgment in case one or a declaration that the judgment in case two had revived the original judgment. Cross-motions for summary judgment were filed, and the trial court granted Samoluk's motion and denied that of Magnum.

In apparent reliance on *Johnson v. Huggins*, 7 Ga. App. 553 (67 SE 217) (1910), the trial court concluded that the original judgment in case one (and the debt underlying that judgment) became "more than simply dormant, but dead and unenforceable" in November 1994, ten years after the original judgment was entered. As quoted in *Johnson*, former Civil Code § 3761, in effect when *Johnson* was decided, appears to be identical to the present OCGA §§ 9-12-60 and 9-12-61 in its provisions for dormancy and for reviving a dormant judgment. Former Civil Code § 3761 and OCGA § 9-12-60 (a) (1) both provide that a judgment becomes dormant and may not be enforced seven years after it is entered unless execution has been issued and entered on the general execution docket. Former Civil Code § 3761 and OCGA § 9-12-61 both provide that once dormant, judgment may be revived at the judgment holder's option either by an action *or* by scire facias within three years from the time it becomes dormant.

The facts in *Johnson*, however, are not identical to the facts in this case. In *Johnson*, this court held that the original suit was dormant, but not dead, because the evidence showed that within the seven years following entry of judgment, a fi. fa. had been issued and a sheriff's nulla bona return was entered on the general execution docket. Entry of the sheriff's return on the general execution docket revived the original judgment and resulted in the commencement of a new seven-year period. The judgment therefore was dormant, not dead, when the renewal action was brought within seven years of the nulla bona entry; the final bar would not occur until ten years after that entry. Id. at 554.

In this case, the original judgment was entered in November 1984. Unlike the judgment holder in *Johnson*, Magnum did not cause execution to issue within seven years. Under OCGA § 9-12-60, the judgment therefore became dormant in November 1991. Although

the trial court's order in the present case cites *Johnson*, we conclude that the trial court did not properly apply its holding. The trial court reasoned that the original judgment became "dead" three years after it became dormant. According to the trial court, because the present action "was filed almost ten years after the underlying judgment became dead and unenforceable" Magnum was not entitled to revive the original judgment.

The trial court's reasoning is not altogether clear. The order, however, appears to ignore completely case two and its effect on the original judgment. OCGA § 9-12-61 permits the judgment holder to revive the dormant judgment by instituting an action within three years of the date the judgment becomes dormant. Magnum availed itself of that statutory provision and filed a renewal action, case two, in December 1992, within three years after its original judgment became dormant. It appears instead that the trial court agreed with and relied upon Samoluk's argument that a revival action must not only be *filed* within three years of the time the original judgment becomes dormant, but also that it result in a judgment of revival within that three-year period. We do not read OCGA § 9-12-61 to so provide.

The statute recites explicitly that revival of a dormant judgment may be accomplished by "an action" within three years of when the judgment became dormant, not by "a judgment" within that time period. It is a fundamental principle of statutory construction that we must give words their plain and ordinary meaning. OCGA § 1-3-1 (b); *Slakman v. Continental Cas. Co.*, 277 Ga. 189, 191 (587 SE2d 24) (2003). Had the General Assembly intended to provide that a dormant judgment could be revived by obtaining a new judgment within three years of the time the original judgment became dormant, the statute easily could have provided as much. The statutory language, construed according to its ordinary meaning, signifies only that an action must be in existence within three years of dormancy. We conclude, therefore, that the General Assembly intended that dormant judgments could be revived during a three-year period thereafter by bringing an action into existence, i.e., filing an action.

This construction also comports with common sense. The timing of a judgment is not within the control of a litigant. A party may file a motion for summary judgment, as Magnum did here, but it is the trial court that decides when it will rule on the motion. It would be patently unfair to require a party to obtain a judgment by a certain time when entry of judgment is not within the party's control. Because Magnum took the steps required of it under the applicable statutes, it was entitled to a renewal of its original judgment. The trial court erred in granting summary judgment to Samoluk and denying Magnum's motion.

*Judgment reversed. Ellington and Adams, JJ., concur.*

DECIDED AUGUST 18, 2005 —

*Perrie & Cole, Stanley E. Kreimer, Jr.,* for appellant.
*David A. Powell,* for appellee.