### A10A0214. HALL v. SENCORE, INC.
(691 SE2d 266)

JOHNSON, Presiding Judge.

Tim Hall appeals from the trial court's grant of judgment on the pleadings in favor of Sencore, Inc. in its action to revive a dormant judgment. Because the trial court correctly found that Hall's defense failed as a matter of law, even assuming that the facts alleged by Hall were true, we affirm.

On appeal from a grant of judgment on the pleadings, we conduct a de novo review of the trial court's order to determine "whether the undisputed facts appearing from the pleadings entitle the movant to judgment as a matter of law."[1] The grant of a motion for judgment on the pleadings under OCGA § 9-11-12 (c) is proper only where there is a complete failure to state a cause of action or defense. For purposes of the motion, "[a]ll well-pleaded material allegations by the nonmovant are taken as true, and all denials by the movant are taken as false. But the trial court need not adopt a party's legal conclusions based on these facts."[2]

Here, the record shows that Sencore obtained a judgment against Hall in the State Court of Gwinnett County on May 18, 1999. It is undisputed that the judgment remains unsatisfied, and it became dormant in 2006 pursuant to OCGA § 9-12-60. On March

---

[9] See *Frye v. State*, 298 Ga. App. 415, 418 (3) (680 SE2d 431) (2009); *Terrell v. State*, 274 Ga. App. 539, 540 (2) (618 SE2d 175) (2005).

[10] See *Frye*, supra.

[1] (Citations and punctuation omitted.) *Perry Golf Course Dev. v. Housing Auth. &c.*, 294 Ga. App. 387 (670 SE2d 171) (2008).

[2] *Southwest Health &c. v. Work*, 282 Ga. App. 619, 623 (2) (639 SE2d 570) (2006).

20, 2009, Sencore brought an action to revive the judgment pursuant to OCGA § 9-12-61. That statute provides that any dormant judgment may be revived by the judgment holder within three years from the time it becomes dormant.[3]

Here, Hall concedes that Sencore's action to revive the judgment pursuant to OCGA § 9-12-61 is timely, but he claims that Sencore is not entitled to maintain a lawsuit against him because it is a foreign corporation transacting business in Georgia without a certificate of authority issued by the Secretary of State.[4]

Hall's claim that Sencore is transacting business in Georgia is based solely on Sencore's sale of approximately $9,000 in goods to him prior to the filing of the underlying lawsuit. It is established, however, that activity related to a single transaction, even a recent one, is not sufficient to establish that a foreign corporation is transacting business in Georgia.[5] In addition, OCGA § 14-2-1501 (b) (1) provides that a corporation is not considered to be transacting business in Georgia merely because it maintains or defends a lawsuit here.[6] Because Hall's sole defense fails as a matter of law, even when all his allegations are taken as true and all denials by Sencore are taken as false, the trial court correctly granted Sencore's motion for judgment on the pleadings.[7]

*Judgment affirmed. Miller, C. J., and Phipps, J., concur.*

DECIDED FEBRUARY 15, 2010.

*Douglas R. Daum*, for appellant.
*Trace M. Dillon*, for appellee.

---

[3] See *Magnum Communications v. Samoluk*, 275 Ga. App. 177, 178 (620 SE2d 439) (2005).

[4] See OCGA § 14-2-1501 (a) (a foreign corporation may not transact business in Georgia until it obtains a certificate of authority from the Secretary of State).

[5] OCGA § 14-2-1501 (b) (10); *Manufacturers Nat. Bank &c. v. Tri-State Glass*, 201 Ga. App. 253 (1) (410 SE2d 808) (1991).

[6] See *Tillett Bros. Constr. Co. v. Dept. of Transp.*, 210 Ga. App. 84, 86 (2) (435 SE2d 241) (1993), aff'd, *Dept. of Transp. v. Tillett Bros. Constr. Co.*, 264 Ga. 219, 221 (443 SE2d 610) (1994).

[7] *Mills v. Allstate Ins. Co.*, 288 Ga. App. 257, 259 (653 SE2d 850) (2007).