A10A0490. SANTASIERO et al. v. ABERNATHY.
(696 SE2d 352)

MILLER, Chief Judge.

William Santasiero, Charles Singer, Katrice Leland, Paul Cunningham, and Jeffrey Jacobson (collectively, "Appellants") appeal from the trial court's order denying their petition for an order for enforcement of subpoena ("enforcement petition") against Leslie Abernathy, Solicitor-General of Forsyth County, requiring her to appear as a witness and to produce her entire prosecutor's file, to include digital recordings of their arrests, arrest and supplemental reports, and witness statements, at an administrative license suspension ("ALS") hearing.[1] Appellants argue that the trial court erred in refusing to enforce their statutory right to subpoena the foregoing evidence under OCGA §§ 50-13-13 (a) (7) and 50-13-41 (b) and in violating their constitutional due process right to cross-examine the arresting officer with such evidence. Given that the Appellants have obtained the digital recordings of their arrests through criminal discovery and withdrawn their requests for an ALS hearing having reached a settlement with the arresting officer, we dismiss their appeal as moot.[2]

The issue of whether the trial court erred in denying Appellants' enforcement petition to obtain the prosecutor's entire file, including, but not limited to, the digital recordings of their arrests, witness

---

[1] Upon the Department of Public Safety's receipt of a "DPS Form 1205" or a sworn statement from the arresting law enforcement officer "that the officer had reasonable grounds to believe the arrested person had been driving under the influence of alcohol . . . and that the person had refused to submit to the test upon the request of the [officer] . . . it shall suspend the motorist's driver's license for one year." (Footnotes omitted.) *Miles v. Ahearn*, 243 Ga. App. 741, 742 (534 SE2d 175) (2000). Thereafter, "[t]he motorist may request an administrative hearing to challenge the suspension." (Footnote omitted.) Id.

[2] In light of our disposition in this case, Abernathy's motion to supplement the record and motion to dismiss the appeal are denied as moot.

statements, and arrest reports, pursuant to OCGA § 50-13-13 (a) (7), presents a question of law, subject to de novo review. Thus, we apply a "plain legal error" standard of review. *Dozier v. Jackson*, 282 Ga. App. 264 (638 SE2d 337) (2006).

The record shows that Appellants were arrested on separate dates, charged with driving under the influence (OCGA § 40-6-391 (a) (1)), and represented by the same counsel in an ALS hearing before the Office of State Administrative Hearings on April 1, 2009. Prior to the hearing, each Appellant served Abernathy with a subpoena for the production of certain documents and physical evidence via certified mail, return receipt requested.[3] Other than that of Santasiero's, the subpoenas served by the Appellants directed Abernathy to appear on April 1, 2009 on behalf of each Appellant to be sworn as a witness and to produce the complete file on such Appellant,

> including, but not limited to, any and all arrest reports, incident reports, supplemental reports, scientific reports, citations, accusations, warrants, witness statements, *Brady* materials, and all audio and videotapes concerning the arrest of [the Appellant] on [the date of his or her arrest] by [the police officer]. . . .

Santasiero's subpoena only directed Abernathy to produce the foregoing documents at the April 1, 2009 hearing.

At the hearing, Appellants' counsel first addressed Jacobson's case and requested an enforcement order based on Abernathy's failure to produce the evidence sought in Jacobson's subpoena, primarily the police report and the digital recording of his arrest. Abernathy stated that although she had not been served with Appellants' subpoenas, she elected to appear as an officer of the court because she knew of the subpoenas, but she would not otherwise comply with them. Appellants' counsel requested leave to file an enforcement petition in superior court pursuant to OCGA § 50-13-13 (a) (7), which the administrative law judge allowed. The judge then stayed the hearing pending resolution of Appellants' petition. On April 15, 2009, Appellants' counsel filed an enforcement petition in Forsyth County Superior Court, in response to which Abernathy filed a motion in opposition, or in the alternative, motion to quash subpoenas. After a hearing, the trial court denied Appellants' enforcement petition and granted Abernathy's motion to quash.

---

[3] Appellants' counsel stated that he also served subpoenas on the arresting officers.

1. Appellants argue that the trial court erred in denying their statutory right to obtain the entire prosecutor's file, including the digital recordings of their arrests, witness statements, and arrest reports, pursuant to OCGA § 50-13-13 (a) (6). This claim of error is dismissed as moot.

"A moot case is one which seeks to determine an abstract question which does not arise upon *existing* facts or rights." (Citations and punctuation omitted; emphasis in original.) *Kappers v. DeKalb County Bd. of Health*, 214 Ga. App. 117 (446 SE2d 794) (1994).

Counsel for both Appellants and Appellee admitted during the hearing on Appellants' enforcement petition and in their appellate briefs that Appellants have obtained the requested digital recordings through the discovery process in their criminal cases and withdrawn their requests for an ALS hearing upon settlement agreements reached with the arresting officer in their individual criminal cases.[4] Such admissions establish mootness of the issues raised on appeal. See *American Cyanamid Co. v. Carter*, 164 Ga. App. 538, 540 (298 SE2d 276) (1982) (where construction company settled employee's claim against it subsequent to its filing of notice of appeal, appeal was moot); see also *Manigo v. Johnson*, 241 Ga. App. 676 (3) (527 SE2d 282) (1999) (defendant's motion to compel was dismissed as moot after plaintiff responded to discovery sought by defendant in his motion to compel).

Given that there is no existing controversy remaining between the parties, "any decision regarding the denial of [Appellants' motion to enforce subpoena] would be of no benefit to [Appellants], thereby rendering the issues raised in this appeal moot." (Citations omitted.) *Froelich v. State*, 210 Ga. App. 647, 649 (437 SE2d 358) (1993); *Kappers*, supra, 214 Ga. App. at 117; OCGA § 5-6-48 (b) (3).

2. In light of our disposition of Division 1, we need not consider Appellants' remaining enumeration of error.

*Appeal dismissed. Phipps, P. J., and Johnson, J., concur.*

DECIDED MAY 28, 2010 —
RECONSIDERATION DENIED JUNE 23, 2010.

*McFarland & McFarland, Robert P. McFarland, Jr.,* for appellants.

---

[4] The record shows that Santasiero withdrew his request for an ALS hearing by reaching an agreement with the arresting officer, such that "[i]n exchange for the arresting officer's withdrawal of [Form 1205], Santasiero shall enter a plea of guilty to . . . [DUI,]" resulting in dismissal of the administrative suspension of his license. Like Santasiero, the remaining Appellants entered into similar agreements with the arresting officer in their cases.

*Jarrard & Davis, Rupal D. Vaishnav*, for appellee.