A10A1041, A10A1042. WESTMORELAND v. JORDAN
PARTNERS, LLLP; and vice versa.
(703 SE2d 39)

ANDREWS, Presiding Judge.

Jordan Partners, LLLP, an Arizona limited liability limited partnership, sued Michael Westmoreland, claiming in part that he had, without authorization, installed utility lines across its property and asking the court to order their removal. The trial court agreed that the utility lines must be moved, but held that they could be installed in the easement granted for access to the property. In Case No. A10A1041, Westmoreland appeals from the trial court's holding that the utility lines must be moved. In Case No. A10A1042, Jordan Partners appeals from the trial court's determination that Westmoreland may run the lines along the access easement. For reasons that follow, we reverse in Case No. A10A1041 and dismiss the appeal in Case No. A10A1042 as moot.

*Case No. A10A1041*

1. In his first enumeration of error, Westmoreland claims that the trial court's order should be vacated because this case was part

of a formal complaint filed against the trial court judge. There is, however, no evidence of this in the record. Westmoreland directs this Court to the JQC docket, which is improper. See, e.g., *Sidlow v. Lewis*, 271 Ga. App. 112, 120, n. 9 (608 SE2d 703) (2004) (This Court is unable to consider matters outside the record.).

2. Next, Westmoreland argues that because Jordan Partners was a foreign limited liability limited partnership not authorized to transact business in this state, it could not maintain this suit, and the trial court should have granted the motion to dismiss on this ground. We agree.

OCGA § 14-8-54 (a) provides: "A foreign limited liability partnership transacting business in this state may not maintain an action, suit, or proceeding in a court of this state until it is authorized to transact business in this state." Westmoreland filed a motion to dismiss, pointing out that Jordan Partners had maintained this suit for almost nine months and had not obtained a certificate of authority as required by the statute. Jordan Partners responded to the motion to dismiss by claiming that it was not "transacting business" within the state. The trial court held that Jordan Partners was transacting business,[1] but did not grant the motion to dismiss, even though Jordan Partners was maintaining the suit without a certificate of authority, in violation of the statute.

The court cited *Health Horizons v. State Farm &c. Ins. Co.*, 239 Ga. App. 440 (521 SE2d 383) (1999), as authority for denying the motion to dismiss. In *Health Horizons*, this Court held that a foreign corporation's[2] late registration to obtain a certificate of authority to transact business in this state did not bar suit by the foreign corporation. But in that case, the defendant filed a motion to dismiss because the foreign corporation did not have a certificate of authority at the time the complaint was filed. It had, however, obtained one by the time the motion to dismiss was filed. This Court held that this was sufficient. Id. at 443. That is not the case here, and the trial court may not simply ignore the requirements of the statute. See *Transp. Ins. Co. v. El Chico Restaurants*, 271 Ga. 774, 777 (524 SE2d 486) (1999) (an uncertified foreign corporation may initiate the action but not continue it without obtaining a certificate of authority); *Manufacturers Nat. Bank &c. v. Tri-State Glass*, 201 Ga. App. 253 (410 SE2d 808) (1991) (court properly granted defendant's motion to dismiss on ground that plaintiff was a foreign corporation

---

[1] Jordan Partners has not appealed that finding.

[2] In that case, the court construed OCGA § 14-2-1502 (a), an identical statute applicable to corporations. The statute provides: "A foreign corporation transacting business in this state without a certificate of authority may not maintain a proceeding in any court in this state until it obtains a certificate of authority."

not authorized to maintain an action in this state).

3. In light of our holding in Division 2, we need not address Westmoreland's remaining enumerations of error.

## Case No. A10A1042

In this case, Jordan Partners appeals from the trial court's determination that the utility lines may be placed within the access easement. Because the judgment was reversed in Case No. A10A1041, this appeal is dismissed as moot.

*Judgment reversed in Case No. A10A1041. Appeal dismissed as moot in Case No. A10A1042. Ellington and Doyle, JJ., concur.*

### DECIDED OCTOBER 25, 2010.

*Russell L. Adkins, Jr.*, for appellant.
*G. Roger Land*, for appellee.