**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**August 4, 2022**

# In the Court of Appeals of Georgia

A22A1087. ROBINSON v. CITI BANK, N.A. SUCCESSOR BY
MERGER TO CITIBANK (SOUTH DAKOTA), N.A.

DILLARD, Presiding Judge.

Teresa C. Robinson argues the trial court erred by domesticating and reviving a North Carolina judgment entered in favor of Citi Bank, N.A., successor by merger to Citibank (South Dakota), N.A. Specifically, she contends that—as of the date of the court's order—the period in which to revive the judgment had lapsed. For the reasons set forth *infra*, we affirm.[1]

---

[1] We reach this conclusion without the aid of argument from Citi Bank. Citi Bank did not file an appellee brief, but was not required to do so. *See* CT. APP. R. 23 (b) ("To be considered, appellee's brief should be filed within 40 days after the appeal is docketed or 20 days after the appellant's brief is filed, whichever is later. Appellees are encouraged but, other than the State in a criminal case, are not required to file a brief.").

On October 5, 2021, Citi Bank filed a complaint in the State Court of Carroll County to revive a dormant judgment entered by a North Carolina court on October 17, 2011. According to the complaint, under OCGA § 9-12-60 (a), the judgment became dormant on October 17, 2018. Specifically, Citi Bank asked that the judgment—which was attached as an exhibit to its complaint—be revived.

Robinson responded on November 9, 2021, asserting that, under OCGA § 9-12-61, the period to domesticate and revive the judgment lapsed on October 17, 2021, and thus the action was time-barred. But on January 24, 2022, the trial court issued an order domesticating the North Carolina judgment. Robinson now appeals that order, again contending that the time period in which to domesticate and revive the foreign judgment lapsed on October 17, 2021. We disagree.

First, as to so-called "foreign judgments," that phrase encompasses "a judgment, decree, or order of a court of the United States or of any other court that is entitled to full faith and credit in this state."[2] An authenticated copy of a foreign judgment "may be filed in the office of the clerk of any court of competent jurisdiction of this state,"[3] after which the clerk "shall treat the foreign judgment in

[2] OCGA § 9-12-131.

[3] OCGA § 9-12-132.

the same manner as a judgment of the court in which the foreign judgment is filed."[4]

At that point, a filed foreign judgment has "the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying as a judgment of the court in which it is filed and may be enforced or satisfied in like manner."[5] And Robinson makes no assertion that Citi Bank failed to properly authenticate the North Carolina judgment filed in the State Court of Carroll County or to otherwise satisfy the statutory filing requirements.[6]

As for the revival of dormant judgments, under OCGA § 9-12-60 (a) (1), a judgment becomes dormant and shall not be enforced "[w]hen seven years shall elapse after the rendition of the judgment before execution is issued thereon and is entered on the general execution docket of the county in which the judgment was

---

[4] *Id.*

[5] *Id.*; *accord First Merit Credit Servs. v. Fairway Aviation, LLC*, 359 Ga. App. 829, 833 (2) (860 SE2d 126) (2021); *Corzo Trucking Corp. v. West*, 281 Ga. App. 361, 362 (636 SE2d 39) (2006); *Wright v. Tr. Co. Bank*, 219 Ga. App. 551, 552 (466 SE2d 74) (1995).

[6] *See Auto. Credit Corp. v. White*, 344 Ga. App. 321, 324 n.14 (810 SE2d 166) (2018) ("There has been no suggestion that [the] foreign judgment was not properly authenticated or otherwise did not satisfy the applicable filing requirements. Thus, the trial court erred in finding that it was not subject to domestication in Georgia, rather than ruling upon whether the judgment was enforceable here." (emphasis omitted)).

3

rendered[.]" But under OCGA § 9-12-61, when any judgment obtained in any court becomes dormant, "the same may be renewed or revived *by an action* or by scire facias, at the option of the holder of the judgment, within three years from the time it becomes dormant."[7] Thus, these two statutes "operate in tandem as a ten-year statute of limitation for the enforcement of Georgia judgments."[8]

We have previously explained that OCGA § 9-12-61 "permits the judgment holder to revive [a] dormant judgment by instituting an action within three years of the date the judgment becomes dormant."[9] And we have further construed the plain language of the statute to mean that "dormant judgments [can] be revived during a three-year period thereafter by bringing an action into existence, i.e., *filing an*

---

[7] (Emphasis supplied).

[8] *Corzo Trucking Corp.*, 281 Ga. App. at 362-63; *accord Auto. Credit Corp.*, 344 Ga. App. at 323.

[9] *Magnum Commc'ns Ltd. v. Samoluk*, 275 Ga. App. 177, 179 (620 SE2d 439) (2005).

4

*action*."[10] Indeed, it would be "patently unfair to require a party to obtain a judgment by a certain time when entry of judgment is not within the party's control."[11]

Here, Citi Bank filed its complaint to domesticate and revive the dormant foreign judgment on October 5, 2021. This was 12 days *before* the 10-year period in which to do so would have expired—*i.e.*, October 17, 2021 (three years after the judgment became dormant on October 17, 2018). And once *filed* in the State Court of Carroll County on October 5, 2021, the North Carolina judgment was "subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying as a judgment of the court in which it is filed and may be enforced or satisfied in like manner."[12] Importantly, Citi Bank simultaneously filed the dormant foreign judgment with its revival action, and the act of *filing* the action revived the dormant judgment.[13] Thus, Citi Bank timely filed its action to domesticate

---

[10] *Id.* (emphasis supplied); *see Hall v. Sencore, Inc.*, 302 Ga. App. 367, 367-68 (691 SE2d 266) (2010) (explaining that appellant conceded appellee had timely revived dormant action by bringing an action to revive within three years of the date action became dormant).

[11] *Magnum Commc'ns*, 275 Ga. App. at 179.

[12] *Corzo Trucking Corp. v. West*, 296 Ga. App. 399, 400 (1) (674 SE2d 414) (2009) (punctuation omitted); *see supra* note 5.

[13] *See supra* notes 9-12 & accompanying text.

and revive the dormant foreign judgment on October 5, 2021, and the trial court did not err by failing to conclude the action was time-barred as Robinson asserted.[14]

Accordingly, for all these reasons, we affirm the trial court's judgment.

*Judgment affirmed. Mercier and Markle, JJ., concur.*

---

[14] *See Auto. Credit Corp*., 344 Ga. App. at 323-24 ("[B]ecause [appellant] sought domestication and enforcement of the Michigan judgment . . . less than ten years after its entry, it was enforceable in Georgia."); *see also supra* notes 9-12. We are unpersuaded by Robinson's reliance upon *Pearson v. Pearson*, 263 Ga. 400, 400 (435 SE2d 40) (1993), for her assertion that a "judgment remains [an out of court] judgment if a trial court never entered an order domesticating the [out of state] judgment." In *Pearson*, the Supreme Court of Georgia addressed the modification of a foreign *divorce* decree and expressly distinguished such judgments from foreign judgments enforced under OCGA § 9-12-132, which "requires only *filing* of an authenticated copy of the foreign judgment" for enforcement. *Id.* at 400 (emphasis added).