# Court of Appeals of the State of Georgia

ATLANTA,  August 18, 2022

*The Court of Appeals hereby passes the following order:*

### A22A1404. COUNTRY FARM LAND, LLC et al. v. FAYE AMELIA NORMAN FINE et al.

In this case, the trial court granted an interlocutory injunction to Appellees Faye Amelia Norman Fine, Joann Norman Hagaman, Nora Eugenia Norman Cordova, and Mary Helen Norman (collectively, "Appellees") which required that Appellants Country Farm Land, LLC, Dale Burley, and Thomas Roach (collectively, "Appellants") "cease and desist from blocking access" to real property owned by Appellees. The trial court also denied Appellants' motion for partial cancellation of lis pendens recorded by Appellees against real property owned by Appellant Country Farm Land, which abuts the real property owned by Appellees. Appellants filed a notice of appeal, and the appeal was docketed in this Court.

Subsequently, Appellees filed a "Motion for Stay," which asserted that "the parties have reached a settlement agreement" and requested that this Court "stay" the instant appeal until January 18, 2023. According to Appellees, "[t]he parties will work together cooperatively over the next six months to market Appellees' property and a portion of Appellants['] property, jointly. But if, after six months, the parties have been unable to sell the property and do not agree to extend the settlement period, the litigation will resume." Appellees indicated in their motion that they have lifted the lis pendens recorded against Appellants' property. Thereafter, Appellants also filed a "Motion for Stay," which echoed the assertions contained in Appellees' motion.

As an initial matter, this Court does not have the power to stay a case because this State's appellate courts are constitutionally required to dispose of every case at

the term of court for which it is entered on the courts' dockets for hearing or at the next term of court. See *Boardman v. Brenninkmeijer*, 328 Ga. App. 882, 882-883 (763 SE2d 267) (2014); see also 1983 Ga. Const., Art. VI, Sec. IX, Para. II. Accordingly, Appellants' Motion for Stay and Appellees' Motion for Stay are hereby DENIED.

Furthermore, it appears from the parties' filings that the issues raised on appeal have become moot. Specifically, the parties' filings indicate that a settlement agreement has been reached. Appellees have removed the lis pendens recorded against Appellants' property, and Appellees have sought to dismiss the portion of their complaint which requested the entry of an interlocutory injunction. "Such admissions establish mootness of the issues raised on appeal." *Santasiero v. Abernathy*, 304 Ga. App. 569, 571 (1) (696 SE2d 352) (2010). Because the questions presented have become moot, this appeal is hereby DISMISSED.[1] OCGA § 5-6-48 (b).



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,___08/18/2022_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, *Clerk.*

---

[1] Appellees' motion to dismiss this appeal on other grounds is denied as moot.