PAN ENERGY, a/k/a, Energy Catalyst Company, Plaintiff and Appellant,

v.

Carl W. MARTIN, Defendant and Appellee.

No. 890400.

Supreme Court of Utah.

May 24, 1991.

Michael J. Petro, Provo, for Pan Energy.

Brenda L. Flanders, Alexander H. Walker, III, Kristin G. Brewer, Salt Lake City, for Martin.

STEWART, Justice:

Plaintiff Pan Energy Company appeals a trial court's order dismissing an action to enforce a foreign judgment. We reverse.

## I. FACTS

The facts are essentially undisputed. In September 1982, Pan Energy Company obtained a judgment against Carl Martin in the United States District Court for the Northern District of Oklahoma (Oklahoma court). In August 1987, Pan Energy filed or registered the Oklahoma judgment in the Fourth Judicial District Court of Utah pursuant to Utah Code Ann. §§ 78–22a–1 to –8 (1987) (the Utah Foreign Judgment Act). Utah Code Ann. § 78–22a–2(2) (1987) provides:

> A copy of a foreign judgment authenticated in accordance with an appropriate act of Congress or an appropriate act of Utah may be filed with the county clerk of any county in Utah. The clerk of the district court shall treat the foreign judgment in all respects as a judgment of a district court of Utah. A judgment filed under this chapter has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, setting aside, or staying, as a judgment of a district court of this state and is subject to enforcement and satisfaction in like manner.

Before enactment of the Foreign Judgment Act, the traditional method of enforcing a foreign judgment was to file an action on the judgment in a Utah court and transmute it to a Utah judgment. The Utah Foreign Judgment Act was intended to simplify the enforcement of foreign judgments by sparing the judgment holder the burden of further litigation and allowing enforcement in this state by the simple expedient of filing the judgment with a county clerk in Utah. The judgment holder still has the option, however, to commence an enforcement action under the older, traditional approach. *See* Utah Code Ann. § 78–22a–6 (1987).

Based on a stipulation between the parties, the Utah district court ordered a stay of execution until the Oklahoma federal district court ruled on Martin's motion to extinguish the Oklahoma judgment. Oklahoma provides by statute that judgments not executed within five years after the date of judgment become unenforceable. *See* Okla.Stat.Ann. tit. 12, § 735 (West 1988) (dormancy statute). In July 1988, the Oklahoma federal district court ruled that the five-year period for the enforcement of judgments in Oklahoma had lapsed and that the Oklahoma judgment was therefore "dormant." However, the court did not rule that the Oklahoma judgment was extinguished. Subsequently, the Utah district court refused to allow enforcement of the foreign judgment on the ground that a foreign judgment that is unenforceable in the rendering state is also unenforceable in Utah.

The following issues are raised on this appeal: (1) Under the Utah Foreign Judgment Act, is the period for enforcement of a foreign judgment governed by Utah's statute of limitations? (2) Does Utah Code Ann. § 78–12–45 (1987) (the borrowing statute) require application of the rendering state's statute of limitations for enforcement of a foreign judgment registered in Utah? (3) Must a Utah court hold an Oklahoma judgment that is filed in Utah and subsequently held to be dormant by an Oklahoma court unenforceable under the "full faith and credit" clause of the United States Constitution? (4) Should comity require a Utah court to apply a foreign statute of limitations to the enforcement of a foreign judgment in Utah?

## II. THE UTAH FOREIGN JUDGMENT ACT

■ The Utah Foreign Judgment Act provides a mechanism for the enforcement of a foreign judgment in Utah. Utah Code Ann. § 78–22a–2(2) (1987) provides in part:

> The clerk of the district court *shall* treat the foreign judgment *in all respects* as a judgment of a district court of Utah. *A*

*judgment filed under this chapter has the same effect* and is subject to the same procedures, defenses, and proceedings for reopening, vacating, setting aside, or staying, *as a judgment of a district court of this state and is subject to enforcement and satisfaction in like manner.*

(Emphasis added.) This statute requires foreign judgments to be treated as if they were local judgments once they have been filed with the clerk of a district court. Once filed, the foreign judgment is subject to the same procedures to attack or enforce it as a Utah judgment. Thus, because foreign judgments properly filed in Utah essentially become Utah judgments under the Utah Foreign Judgment Act, the Utah statute of limitations applies to the enforcement of those judgments in Utah.

That interpretation is consistent with the approach taken by federal courts interpreting a similar federal registration statute, 28 U.S.C. § 1963 (1988). Section 1963 requires that federal district courts give foreign judgments the same effect as those courts give their own judgments. Federal courts have construed that statute as creating a new judgment in the registering court, thus requiring the application of the local statute of limitations to that judgment. *See Stanford v. Utley,* 341 F.2d 265, 268 (8th Cir.1965); *United States v. Palmer,* 609 F.Supp. 544, 548 (E.D.Tenn. 1985); *Dichter v. Disco Corp.,* 606 F.Supp. 721, 724 (S.D.Ohio 1984); *Anderson v. Tucker,* 68 F.R.D. 461, 463 (D.Conn.1975); *Juneau Spruce Corp. v. International Longshoremen's & Warehousemen's Union,* 128 F.Supp. 715, 717 (N.D.Cal.1955). *But see Juneau Spruce Corp. v. International Longshoremen's & Warehousemen's Union,* 128 F.Supp. 697, 699 (N.D. Cal.1955).

In *Stanford,* Judge (now Justice) Blackmun wrote: "We feel that registration pro-vides, so far as enforcement is concerned, the equivalent of a new judgment of the registration court." 341 F.2d at 268. *Stanford* was a diversity case in which the court looked to the law of Missouri, the state where the judgment had been registered, for the applicable statute of limitations. Although the judgment was unenforceable in Mississippi, the state where rendered, the court allowed enforcement of the judgment because the Missouri statute of limitations had not yet expired. 341 F.2d at 268.

We agree with the approach taken by the federal courts and hold that, at least for purposes of enforcement, the filing of a foreign judgment under § 78–22a–2(2) creates a new Utah judgment which is governed by the Utah statute of limitations. Because Utah Code Ann. § 78–12–22 (1987) establishes an eight-year statute of limitations for the enforcement of judgments, foreign judgments filed in Utah must also be governed by the eight-year statute of limitations, which runs from the date of filing.[1]

Martin mistakenly argues that Utah Code Ann. § 78–22a–8 (1987) requires that Utah's method of enforcing a foreign judgment must be the same as the foreign state's method. The Utah Foreign Judgment Act provides that it "shall be construed to effectuate the general purpose to make uniform the law of those states which enact it." Clearly, the Act does not make foreign statutes applicable in Utah. Rather, its policy is to provide a simple and uniform method for enforcing foreign judgments in states that enact the Foreign Judgment Act. The Utah Foreign Judgment Act simply requires that foreign judgments filed in the state be treated the same as local judgments in all respects, including the applicable statute of limitations regarding enforcement.

---

1. Utah Code Ann. § 78–22a–5 provides that a foreign judgment filed under the Foreign Judgment Act becomes a lien as provided in Utah Code Ann. § 78–22–1. Section 78–22–1 provides that the lien shall continue for eight years. As stated, the life of the judgment also extends for eight years from the date of filing. *See Warner*

*v. Warner,* 9 Kan.App.2d 6, 7–8, 668 P.2d 193, 195 (1983); *Walnut Grove Prods. v. Schnell,* 659 S.W.2d 6, 7–8 (Mo.Ct.App.1983); *Wellington v. Wellington,* 19 Wash.App. 328, 330, 575 P.2d 1088, 1090 (1978). *But see First of Denver Mortgage Investors v. Riggs,* 692 P.2d 1358, 1362 (Okla.1984).

■ If a foreign judgment is filed in this state and subsequently becomes dormant in the state of rendition, its enforceability in this state is not affected.[2] The judgment in this case was filed a month *before* becoming dormant in Oklahoma.[3] We hold that because the judgment was filed under the Utah Foreign Judgment Act, it may be enforced as a Utah judgment, irrespective of the subsequent dormancy in the state of rendition.

### III. UTAH CODE ANN. SECTION 78–12–45 (BORROWING STATUTE)

Martin also maintains that Utah Code Ann. § 78–12–45 (1987) (the borrowing statute) requires the application of the Oklahoma statute of limitations. Section 78–12–45 states:

> When a *cause of action has arisen in another state* or territory, or in a foreign country, and by the laws thereof an action thereon cannot there be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against him in this state, except in favor of one who has been a citizen of this state and who has held the *cause of action from the time it accrued.*

(Emphasis added.) Martin argues that this statute requires the application of Oklahoma's statute of limitations to an action to enforce an Oklahoma judgment and that the judgment was therefore not properly filed under the Foreign Judgment Act.

■ An action to enforce a judgment is not, however, the same as a cause of action that gave rise to, and merged in, a judg-ment. The borrowing statute applies to causes of action that arise in another state and have not yet been reduced to a judgment. Whether or not a cause of action based upon a foreign judgment would otherwise be subject to the borrowing statute, Utah Code Ann. § 78–12–22 specifically provides an eight-year statute of limitations for "an action upon a judgment or decree of any court of the United States or of any state or territory within the United States." This eight-year period also applies to the filing of a judgment under the Foreign Judgment Act, which is the equivalent of an action. Well-established principles of statutory construction require that a more specific statute governs instead of a more general statute. *See State ex rel. Pub. Serv. Comm'n v. Southern Pac. Co.,* 95 Utah 84, 111, 79 P.2d 25, 38 (1938); 82 C.J.S. *Statutes* § 347(b) (1953). The borrowing statute is a general provision applying to causes of action that arise in a different state and are not reduced to judgment. Section 78–12–22 specifically applies to actions upon foreign judgments.[4]

### IV. FULL FAITH AND CREDIT

Martin also argues that "full faith and credit" must be given to the July 1988 ruling of the Oklahoma court holding the Oklahoma judgment dormant in Oklahoma and, therefore, the judgment must be held unenforceable in Utah. We disagree.

■ It has long been held that the law of the forum, including the forum's statute of limitations, governs the enforcement of foreign judgments and that full faith and

2. A dormant judgment is one upon which the statute of limitations has not yet run but which, because of a lapse of time during which no enforcement action has been taken, may not be enforced unless certain steps are taken by the judgment holder to revive the judgment. Because of a lack of revival methods in Oklahoma, the Oklahoma dormancy statute appears to operate in a manner similar to a statute of limitations.

3. In both the *Juneau Spruce* cases (the judgment was registered under 28 U.S.C. § 1963 in two different federal courts), both registration and enforcement were allowed *after* the judgment had become dormant. Both federal courts allowed registration of the dormant judgment on the ground that until the statute of limitations had run, the judgment was still "live." *See* 128 F.Supp. at 704–05; 128 F.Supp. at 716.

4. We note that even if Martin were correct in arguing that the borrowing statute applies to actions upon judgments, Pan Energy filed its judgment before the five-year Oklahoma statutory period had run. As stated, once a judgment is properly filed under the Foreign Judgment Act, it becomes a Utah judgment for purposes of enforcement and is subject to the Utah statute of limitations period which commences at the time of filing.

credit is not denied by the application of local procedural law. *See Bacon v. Howard,* 61 U.S. (20 How.) 22, 25, 15 L.Ed. 811 (1857); *McElmoyle v. Cohen,* 38 U.S. (13 Pet.) 312, 10 L.Ed. 177 (1839); Restatement (Second) of Conflicts of Law § 99 (1971). This is true even though the forum state's statute of limitations allows enforcement of a judgment which is barred by the rendering state's statute of limitations. *See* 47 Am.Jur.2d *Judgments* § 953 (1969); Annotation, *Conflict of Laws as to Time Limitations Governing Action on Foreign Judgment,* 36 A.L.R.2d 567, 584 (1954). *But see Roche v. McDonald,* 275 U.S. 449, 48 S.Ct. 142, 72 L.Ed. 365 (1928).[5] Thus, a state may, under the full faith and credit clause, apply its own statute of limitations to the enforcement of a foreign judgment.[6] Furthermore, in this case the Oklahoma judgment was filed in Utah before becoming dormant, thereby creating a new Utah judgment for purposes of enforcement. This judgment is subject to the Utah statute of limitations for the enforcement of judgments and is not affected by the Oklahoma dormancy statute.

In sum, the full faith and credit clause does not require Utah courts to apply a foreign statute of limitations or dormancy statute to a judgment properly filed under the Utah Foreign Judgment Act.[7]

## V. COMITY

█ Martin's final argument is that the district court's decision should be upheld on the basis of comity, although the court did not base its ruling on comity principles. Comity is the principle that a court, for considerations of public policy, should defer to a court of another jurisdiction or to a coordinate branch of government and is a matter that calls for the exercise of judicial discretion. *See generally Jackett v. Los Angeles Dep't of Water & Power,* 771 P.2d 1074, 1076 (Utah Ct. App.1989). Here, the Legislature has removed this issue from the realm of comity and judicial discretion by directing that foreign judgments shall be treated the same as local judgments once they have been filed in this state. *See* Utah Code Ann. § 78–22a–2(2) (1987). In light of this expressed policy, it would be inappropriate to treat a foreign judgment differently than a local judgment.

Reversed and remanded for further proceedings.

HALL, C.J., HOWE, Associate C.J., and DURHAM and ZIMMERMAN, JJ., concur.

---

5. Some courts have found an exception to this general rule if the running of the rendering state's statute of limitations has resulted in extinguishing the judgment holder's substantive rights as opposed to extinguishing the remedy. *See* Annotation, *Conflict of Laws as to Time Limitations Governing Action on Foreign Judgment,* 36 A.L.R.2d 567, 586–87 (1954).

6. Although a few courts have not allowed an action to be maintained upon a dormant judgment, as opposed to a judgment upon which the rendering state's statute of limitations has run, see 36 A.L.R.2d at 587–88, the distinction, even if valid, would not be relevant here. The distinction seems to be based on the notion that if a judgment is dormant in the rendering state, the judgment holder is obligated to first revive the judgment in the rendering state before seeking to enforce the judgment in a different state. However, because under Oklahoma law a dormant judgment may not be revived, the Oklahoma dormancy statute operates in a manner similar to a statute of limitations.

7. Arguably, by enforcing an Oklahoma judgment which is unenforceable in Oklahoma, that judgment is receiving *more* faith and credit than it received in Oklahoma.