## A95A2433. WRIGHT v. TRUST COMPANY BANK.
### (466 SE2d 74)

BEASLEY, Chief Judge.

Pursuant to the Uniform Enforcement of Foreign Judgments Law, OCGA § 9-12-130 et seq., Trust Company Bank filed a properly authenticated foreign judgment in the State Court of DeKalb County in 1995. The judgment was obtained against Wright in an Alabama court in 1987.

In response to the notice of the filing of the judgment, Wright filed a pleading through which he sought dismissal of the notice. He argues that the bank's action is barred by the five-year statute of limitation in OCGA § 9-3-20, in that the judgment was filed in Georgia more than five years after it was obtained in Alabama.

The trial court entered a final judgment permitting the filing of the foreign judgment, concluding as a matter of law that OCGA § 9-3-20 does not bar the filing and enforcement of a foreign judgment under the uniform law.

OCGA § 9-3-20 requires all actions on foreign judgments to be brought within five years after such judgments have been obtained. *Eickhoff v. Eickhoff,* 263 Ga. 498, 502 (4) (435 SE2d 914) (1993). However, the uniform law is expressly made alternative to the right of a judgment creditor to bring an action to enforce a foreign judgment. See OCGA § 9-12-136. The uniform law provides a summary procedure for endowing a filed foreign judgment with the same effect as a judgment of the court in which it is filed. *Hammette v. Eickemeyer,* 203 Ga. App. 243 (416 SE2d 824) (1992). It is not a new action but merely picks up where it was left off in the state where rendered. Any litigation ensuing is limited to that which is afforded any other Georgia judgment. *Eastlawn Corp. v. Bankers Equipment Leasing Co.,* 211 Ga. App. 551, 555 (439 SE2d 753) (1993) (Beasley, J., dissenting).

In these regards, OCGA § 9-12-132 provides, in pertinent part: "A filed foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying as a judgment of the court in which it is filed and may be enforced or satisfied in like manner." OCGA § 9-12-134 (b) provides for a stay of enforcement of a foreign judgment

"[i]f the judgment debtor shows the court any ground on which enforcement of a judgment of the court of this state would be stayed."

Thus, OCGA § 9-3-20 is not applicable to filings under the uniform law. Rather, a foreign judgment so filed stands in the same shoes as a judgment of the court in which it is filed.

Moreover, under the uniform law, Wright was not authorized to move for a dismissal of the notice of filing of this properly authenticated foreign judgment. The remedy allowed a judgment debtor under the statute is a stay of enforcement. *Hammette*, supra at 244.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED DECEMBER 19, 1995.

*Charlotte Y. Kelly*, for appellant.
*Stokes, Lazarus & Carmichael, Richard J. Joseph*, for appellee.