A97A2463. WILLIAMS v. AMERICAN CREDIT SERVICES, INC.
(495 SE2d 121)

RUFFIN, Judge.

American Credit Services, Inc. ("American Credit") filed a complaint in Gwinnett County State Court seeking to domesticate a foreign judgment it obtained against James K. Williams in New York. The trial court domesticated the judgment after a bench trial, and Williams appealed. For the following reasons, we reverse.

"[F]indings of trial courts in nonjury trials 'shall not be set aside unless clearly erroneous.' [Cit.] This principle does not apply, however, where it appears that the trial court's findings and judgment are based on an error of law. [Cit.]" *Scott v. Purser Truck Sales*, 198 Ga. App. 611, 612 (1) (402 SE2d 354) (1991).

1. Before addressing the merits, we highlight American Credit's failure to file a response brief on appeal. This omission makes it difficult, if not impossible, for the Court to ascertain what American Credit's defenses are and accordingly impedes our review.

2. Turning to the merits, we note that a party can domesticate and enforce a foreign judgment in Georgia by following the procedures of the Uniform Enforcement of Foreign Judgments Law ("UEFJL"), OCGA § 9-12-130 et seq. "[This] uniform law provides a summary procedure for endowing a filed foreign judgment with the same effect as a judgment of the [Georgia] court in which it is filed. [Cit.] It is not a new action but merely picks up where it was left off in the state where rendered." *Wright v. Trust Co. Bank*, 219 Ga. App. 551 (466 SE2d 74) (1995). A prerequisite for utilizing Georgia's UEFJL to enforce a foreign judgment is that the foreign state where the judgment was obtained must have adopted the UEFJL in substantially the same form. OCGA § 9-12-138; see *P. G. L. & C. C. Employees Credit Union v. Kimball*, 221 Ga. App. 108 (470 SE2d 501) (1996). If the foreign state has adopted a substantially similar law, then the party seeking to enforce a judgment in Georgia under the uniform law must file a properly authenticated copy of the foreign judgment with the clerk of any Georgia court of competent jurisdiction. OCGA § 9-12-132. The party must also file with the clerk of court an affidavit showing the name and last known post office

address of the judgment debtor and the judgment creditor. OCGA § 9-12-133.

The uniform law, however, does not foreclose a party from proceeding against a judgment debtor via the usual means of filing an action against the debtor. OCGA § 9-12-136. If this latter method is pursued, the party must file the action within five years from when the judgment was obtained or it is barred. OCGA § 9-3-20. This statute of limitation is not applicable to domestication under Georgia's uniform law previously discussed. *Wright*, supra at 552.

In the instant case, American Credit obtained a New York judgment of $4,624.78 on May 27, 1988, against Williams for the non-payment of a contractual obligation. Approximately eight years later, in September 1996, American Credit filed a "COMPLAINT (Foreign Judgment)" in Gwinnett County State Court seeking to have the foreign judgment domesticated and enforced against Williams. American Credit did not aver in the complaint that it was proceeding under Georgia's UEFJL as opposed to filing an action in accordance with OCGA § 9-3-20.

In his answer to the complaint, Williams asserted, inter alia, the defense that American Credit's complaint was time-barred. In domesticating the judgment, the trial court did not address the statute of limitation defense or reference the UEFJL, but merely stated that good cause existed for granting the relief. The trial court awarded American Credit $4,624.78 plus prejudgment interest as allowed by New York law, along with future interest. .

While New York has passed laws similar to Georgia's UEFJL, see NY CPLR § 5401 et seq., and American Credit could have proceeded under OCGA § 9-12-130 et seq., there is no indication in the record that American Credit attempted to so proceed. American Credit did not file the authenticated foreign judgment and the corresponding affidavit with the clerk of court as required by OCGA §§ 9-12-132 and 9-12-133. Rather, it filed a complaint seeking to enforce the judgment without notifying the trial court of its intent to rely on Georgia's UEFJL. Accordingly, we conclude that this was an action to enforce a judgment and not an attempt to proceed under the uniform law. Therefore, because the action was filed more than five years after the judgment was entered, it was time-barred pursuant to OCGA § 9-3-20, and the trial court erred in not dismissing the action.

*Judgment reversed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED DECEMBER 11, 1997.

*Benjamin W. Beazley*, for appellant.
*James B. Johnson, Jr.*, for appellee.