A99A0422. AETNA INSURANCE COMPANY v. WILLIAMS.
(517 SE2d 109)

McMURRAY, Presiding Judge.

On November 29, 1990, the United States District Court for the Northern District of Florida awarded $8,439.58 in attorney fees as a sanction jointly and severally against Thomas Meeker and his then-counsel, defendant herein, Peter G. Williams, in favor of plaintiff herein, Aetna Insurance Company ("Aetna"). Defendant appealed, but this award was affirmed on February 19, 1992, in a published opinion: *Aetna Ins. Co. v. Meeker*, 953 F2d 1328, 1334 (IV) (11th Cir. 1992). On July 25, 1996, Aetna gave notice by certified mail to defendant of filing an authenticated copy of that foreign judgment with the Superior Court of Muscogee County, Georgia, under OCGA § 9-12-130 et seq., the Uniform Enforcement of Foreign Judgments Law. Pursuant to OCGA § 9-11-69, Aetna propounded interrogatories to defendant Williams and subsequently moved to compel discovery. Meanwhile, defendant Williams moved, ex parte, to stay enforcement

of the judgment on the ground that it was rendered more than five years before this proceeding commenced and so was time-barred by OCGA § 9-3-20. This motion was conditionally granted, with direction that Aetna show cause why the stay should not be made permanent. Defendant also obtained a protective order, relieving him of the duty to respond to post-judgment discovery. Aetna's subsequent motion to lift the stay and vacate the protective order was denied by implication with the entry of an indefinite stay, and this direct appeal followed. *Held*:

1. Aetna first contends the trial court erred in failing to lift the stay, arguing that the five-year statute of limitation for enforcing a foreign judgment established by OCGA § 9-3-20 is inapplicable under the Uniform Law, citing *Wright v. Trust Co. Bank*, 219 Ga. App. 551 (466 SE2d 74).

> A copy of any foreign judgment authenticated in accordance with an act of Congress or statutes of this [S]tate may be filed in the office of the clerk of any court of competent jurisdiction of this [S]tate. The clerk shall treat the foreign judgment in the same manner as a judgment of the court in which the foreign judgment is filed. A filed foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying as a judgment of the court in which it is filed and may be enforced or satisfied in like manner.

OCGA § 9-12-132. Also, OCGA § 9-12-134 (b) provides for a stay of enforcement of a foreign judgment "[i]f the judgment debtor shows the court *any ground* on which enforcement of a judgment of the court of *this* [S]tate would be stayed. . . ." (Emphasis supplied.)

In *Wright*, the Georgia judgment debtor sought to dismiss the 1995 filing of a 1987 judgment under the Uniform Law. 219 Ga. App. at 551, supra. The trial court permitted the filing, and this Court affirmed, reasoning that the five-year limitation imposed on new *actions* to enforce a foreign judgment did not bar the *filing* of the allegedly stale judgment under the summary procedures of the Uniform Law. Consequently, *dismissal* of that filing was not an authorized remedy. Rather, "[t]he remedy allowed a judgment debtor under the [Uniform Law] is a stay of enforcement. [Cit.]" Id. at 552. In the case sub judice, defendant requested the proper procedural remedy from an allegedly stale foreign judgment filed under the Uniform Law, namely a stay of enforcement. Nevertheless, the grant of the stay is erroneous in this instance because under the plain wording of OCGA § 9-12-134 (b), a judgment rendered by a court of competent jurisdiction in this State simply is not subject to the limitation period

imposed on foreign judgments by OCGA § 9-3-20. Rather, judgments filed under the Uniform Law are subject to a stay of execution if they are dormant under OCGA § 9-12-60 (a). As a general rule, a judgment becomes dormant if seven years elapse after rendition of judgment and before execution thereon is issued and entered on the general execution docket. OCGA § 9-12-60 (a) (1). It is evident that the trial court's ruling in the case sub judice rests upon an erroneous legal theory, and such reliance on an erroneous legal theory requires reversal. *All Phase Elec. Supply Co. v. Foster & Cooper, Inc.*, 193 Ga. App. 232, 233 (2) (387 SE2d 429).

2. Remaining arguments have been considered and are found to be moot.

*Judgment reversed. Andrews and Ruffin, JJ., concur.*

DECIDED MAY 4, 1999 — 

Drew, Eckl & Farnham, James M. Poe, James L. Creasy III, for appellant.

Peter G. Williams, pro se.