2000 UT 73

**POTOMAC LEASING COMPANY,**
Plaintiff and Appellant,

v.

**DASCO TECHNOLOGY CORPORATION,** successor by change of name to BHP Dasco, Inc., aka and dba B.H.P. Dasco, Inc., and B H P Dasco, Inc., and Gaylord Karren, individually, Defendants and Appellees.

No. 990157.

Supreme Court of Utah.

Sept. 8, 2000.

James Tucker Hansen, Bruce R. Murdock, American Fork, for plaintiff.

Randy K. Johnson, Salt Lake City, for defendants.

WILKINS, Justice:

¶ 1 This case addresses whether Utah's eight-year statute of limitations applies to the time period between a foreign judgment's entry in the rendering state and the judgment's registration in Utah under the Utah Foreign Judgment Act. The district court concluded that the statute of limitations applies and ruled that appellant Potomac Leasing Co. (Potomac) could not enforce the Texas judgment it obtained against Karren in Utah because Potomac did not file the judgment in Utah within Utah's eight-year statute of limitations. *See* Utah Code Ann. § 78–12–22(1) (1996). We affirm.

## BACKGROUND

¶ 2 In July 1985, Potomac obtained a judgment against Karren in Texas. Potomac never executed on the judgment through proceedings in Texas. In April 1997, Potomac filed the Texas judgment with the district court in Utah, pursuant to the Utah Foreign Judgment Act, Utah Code Ann. §§ 78–22a–1 to –8 (1996).

¶ 3 In April 1998, Karren filed a motion with the district court requesting relief from the judgment. Karren argued that because Potomac filed the Texas judgment with the district court in Utah almost twelve years after it was originally entered in Texas, enforcement of the judgment was barred by Utah's eight-year statute of limitations for enforcing foreign judgments. *See* Utah Code Ann. § 78–12–22(1). The district court heard oral argument and granted Karren's motion for relief from judgment. The district court concluded that section 78–12–22(1) applied to Potomac's registration of the Texas judgment, and because Potomac did not file the judgment with the district court in Utah within eight years from the date it was entered in Texas, the judgment was unenforceable in Utah.

## ISSUE AND STANDARD OF REVIEW

¶ 4 Before this court, Potomac argues that the district court erred in ruling that Utah's eight-year statute of limitations for enforcing foreign judgments, *see* Utah Code Ann. § 78–12–22(1) (1996), mandates that a foreign judgment holder register the foreign judgment in Utah within eight years of its entry in the rendering state. Whether section 78–12–22(1) applies to the time period between when the foreign judgment was entered and when it was filed in Utah under the Utah Foreign Judgment Act is a legal determination, *see State v. Pena*, 869 P.2d 932, 935 (Utah 1994), which we review for correctness, giving " 'no particular deference to the district court's ruling.' " *Carlie v. Morgan*, 922 P.2d 1, 3 (Utah 1996) (quoting *World Peace Movement of Am. v. Newspaper Agency Corp.*, 879 P.2d 253, 259 (Utah 1994)).

## ANALYSIS

¶ 5 Potomac argues that the eight-year statute of limitations of section 78–12–22(1) does not apply to bar enforcement of its Texas judgment registered in accordance with the Utah Foreign Judgment Act (UFJA). Section 78–12–22(1) states, "An action may be brought within eight years: (1) upon a judgment or decree of any court of the United States, or of any state or territory within the United States." Utah Code Ann. § 78–12–22(1) (1996). Potomac asserts that because the registering or filing of a foreign judgment pursuant to the UFJA is not an "action," and because the statute of limitations in section 78–12–22(1) applies only to an "action," section 78–12–22(1) does not apply to bar enforcement of the Texas judgment.

■ ¶ 6 In Utah, the holder of a foreign judgment may elect to enforce the judgment in one of two ways. *See Pan Energy v. Martin*, 813 P.2d 1142, 1143 (Utah 1991). First, a foreign judgment holder may bring a common law action on the judgment in a Utah court and thereby "transmute it to a Utah judgment." *Id.; see also* Utah Code Ann. § 78–22a–6 (1996). Second, the holder of a foreign judgment may register or file the judgment with the district court in Utah according to the requirements of the UFJA. *See Pan Energy*, 813 P.2d at 1143; *see also* Utah Code Ann. § 78–22a–2 (1996).[1] The

---

1. Section 78–22a–2 provides in pertinent part:

(2) A copy of a foreign judgment authenticated in accordance with an appropriate act of

UFJA is intended to "simplify the enforcement of foreign judgments by sparing the judgment holder the burden of further litigation and allowing enforcement in this state by the simple expedient of filing the judgment ... with a [district court] in Utah." *Pan Energy*, 813 P.2d at 1143. However, a foreign judgment holder still has the option of bringing "an action ... to enforce such creditor's judgment." Utah Code Ann. § 78–22a–6.

■ ¶ 7 If a foreign judgment holder chooses to bring a traditional action on the judgment, section 78–12–22(1) limits to eight years the time in which the action may be brought. *See* Utah Code Ann. § 78–12–22(1). The eight-year statute of limitations begins to run from the date the judgment is issued in the rendering state. *See Sweetser v. Fox*, 43 Utah 40, 51–52, 134 P. 599, 603 (1913) (holding that "cause of action on a judgment ... arises as soon as the judgment has a legal existence, which is immediately upon its rendition" and "the statute of limitations is set in motion at that time"). Potomac's Texas judgment against Karren was entered in July 1985. Consequently, filing a traditional action on the judgment was not available to Potomac in 1997 when it registered the Texas judgment in Utah. In order for Potomac to have proceeded with a traditional enforcement action, Potomac needed to bring its action against Karren before July 1993, when the eight-year statute of limitations expired. As a result, Potomac elected to file the Texas judgment with the district court under the UFJA.

■ ¶ 8 This is the first time we have directly confronted the issue of whether section 78–12–22(1)'s eight-year statute of limitations applies to a foreign judgment between entry in the foreign jurisdiction and registration in Utah under the UFJA. We note that other states that have decided this issue are split. Some states have held that

the forum state's statute of limitations applicable to an action on a foreign judgment is not applicable to the registration of a foreign judgment under a uniform enforcement of foreign judgment act. *See, e.g., Hunter Tech., Inc. v. Scott*, 701 P.2d 645, 646 (Colo. Ct.App.1985); *Wright v. Trust Co. Bank*, 219 Ga.App. 551, 466 S.E.2d 74, 75 (1995); *Deuth v. Ratigan*, 256 Neb. 419, 590 N.W.2d 366, 373 (1999); *Producers Grain Corp. v. Carroll*, 546 P.2d 285, 288 (Okla.App.1976); *Hill v. Value Recovery Group, L.P.*, 964 P.2d 1256, 1259 (Wyo.1998). Other states that have addressed this issue have held that the forum state's statute of limitations for enforcing foreign judgments applies equally to an action on the judgment and a filing of the judgment under a uniform enforcement act. *See, e.g., Eschenhagen v. Zika*, 144 Ariz. 213, 696 P.2d 1362, 1368, (Ct.App.1985); *Alexander Constr. Co. v. Weaver*, 3 Kan.App.2d 298, 594 P.2d 248, 251 (1979); *Fairbanks v. Large*, 957 S.W.2d 307, 309–10 (Ky.Ct.App. 1997); *Lawrence Sys., Inc. v. Superior Feeders, Inc.*, 880 S.W.2d 203, 208 (Tex.App.1994). We believe this uniform application to be the better rule.

¶ 9 In *Pan Energy*, we held that a judgment entered in a foreign jurisdiction and filed with the district court in Utah five years later could be enforced under the UFJA, "irrespective of the [judgment's] subsequent dormancy in the state of rendition." 813 P.2d at 1145. In that case, Pan Energy Company (Pan Energy) had obtained a judgment against Martin in federal district court in Oklahoma in 1982. *See id.* at 1143. In 1987, Pan Energy filed the Oklahoma judgment in the district court in Utah under the UFJA. *See id.* The judgment was later deemed unenforceable by the Oklahoma federal district court under Oklahoma's statute making judgments not executed upon within five years after the date of judgment unenforceable. *See id.* Relying on this ruling,

Congress or an appropriate act of Utah may be filed with the clerk of any district court in Utah. The clerk of the district court shall treat the foreign judgment in all respects as a judgment of a district court of Utah.

(3) A foreign judgment filed under this chapter has the same effect and is subject to the same procedures, defenses, enforcement, satisfaction, and proceedings for reopening, vacating, setting aside, or staying as a judgment of a district court in this state.

the Utah district court refused to allow enforcement of the foreign judgment in Utah, concluding that a foreign judgment that becomes unenforceable in the rendering state, even after filing in Utah, also becomes unenforceable in Utah. *See id.* We reversed, holding that a foreign judgment that is valid and enforceable when filed in this state is unaffected, for purposes of enforceability in Utah, if it "subsequently becomes dormant in the state of rendition." *Id.* at 1145.

¶ 10 We made clear in *Pan Energy* that a foreign judgment must be valid and enforceable in the rendering state at the time it is filed with the district court in Utah in order to be enforceable here under the UFJA. The Oklahoma judgment at issue in *Pan Energy* was filed in Utah within five years after it was rendered, and thus was well within our eight-year statute of limitations. The judgment was also valid in Oklahoma at the time it was filed here.

¶ 11 What *Pan Energy* suggests, and what we make clear today, is that in order for a foreign judgment to be enforced under the UFJA, two requirements must be met. First, the judgment must be filed in Utah within our eight-year statute of limitations, which begins to run from the date the judgment is entered or last renewed in the rendering state. Second, the judgment must be valid and enforceable in the rendering state at the time the judgment is filed with the district court in Utah.[2]

¶ 12 Application of our own statute of limitations relating to the enforcement of foreign judgments does not offend the Full Faith and Credit Clause of Article IV, section 1 of the United States Constitution. As we stated in *Pan Energy*, "It has long been held that the law of the forum, including the forum's statute of limitations, governs the enforcement of foreign judgments and that full faith and credit is not denied by the application of local procedural law." 813 P.2d at 1145–46. Because a forum's statute of limitations, when considered under Article IV, section 1, has long been characterized as a procedural rule, *see Sun Oil v. Wortman,* 486 U.S. 717, 722–30, 108 S.Ct. 2117, 100 L.Ed.2d 743 (1988), full faith and credit is not violated when a state refuses to enforce a judgment of another state when action on that judgment is brought later than its own statute of limitations permits, even though the judgment would still have been enforceable in the rendering state. *See M'Elmoyle v. Cohen,* 38 U.S. 312, 328, 13 Pet. 312, 10 L.Ed. 177 (1839); *see also* E.H. Schopler, Annotation, *Conflict of Laws as to Time Limitations Governing Action on Foreign Judgment,* 36 A.L.R.2d 567, 573 (1954). Therefore, the Full Faith and Credit Clause does not prevent Utah from applying section 78–12–22(1) to the time period from when the foreign judgment is entered in the rendering state to when it is registered in Utah.

¶ 13 Applying these requirements to this case, Potomac's Texas judgment was not filed with the district court within eight years from the date the judgment was entered in Texas. Potomac obtained judgment against Karren in Texas in July 1985, and filed the judgment with the district court in April 1997, almost twelve years later. Because Potomac did not meet the requirement that the judgment be filed within eight years of its issuance or renewal, the Texas judgment cannot be enforced against Karren in Utah.[3]

## CONCLUSION

¶ 14 In order for a foreign judgment to be enforced under the Utah Foreign Judgment Act, it must be filed with the district court in Utah within eight years of its issuance or most recent renewal in the rendering state, and it must be valid and enforceable in the rendering state at the time it is filed in Utah.

---

2. Once a foreign judgment is filed with the Utah district court pursuant to the UFJA, under section 78–12–22(1) the judgment creditor has eight years to enforce the judgment in Utah. *See Pan Energy,* 813 P.2d at 1145.

3. We need not address the validity and enforceability of Potomac's judgment in *Texas* at the time it was filed in Utah, although that too appears doubtful.

Because Potomac did not file the Texas judgment with the district court before the eight-year statute of limitations had expired, the district court correctly determined that the judgment was not enforceable in Utah. Affirmed.

¶ 15 Chief Justice HOWE, Associate Chief Justice RUSSON, Justice DURHAM, and Justice DURRANT concur in Justice WILKINS' opinion.