2006 UT App 136

**OREM CITY, Plaintiff and Appellee,**

v.

**Eric M. MARTINEAU, Defendant and Appellant.**

No. 20041029.

Court of Appeals of Utah.

April 6, 2006.

James L. Driessen, Lindon, for Appellant.

Robert J. Church, Orem, for Appellee.

Before Judges DAVIS, ORME, and THORNE, Jr.

## MEMORANDUM DECISION

PER CURIAM:

¶1 Defendant Eric M. Martineau appeals from a conviction for failure to obey traffic-control devices, a class C misdemeanor, in violation of Utah Code section 41-6-61(3). *See* Utah Code Ann. § 41-6-61(3) (Supp. 2004).[1] We reverse.

¶2 Martineau was originally charged with improper lane use, apparently under Utah Code section 41-6-61(1). *See id.* § 41-6-61(1). At the beginning of trial, Orem City moved to amend the charge to failure to obey a traffic-control device under Utah Code section 41-6-61(3). *See id.* § 41-6-61(3). The trial court took the motion under advisement.

¶3 At the close of Martineau's case, the trial judge ruled as follows:

And so I am going to find you guilty of disobeying a traffic control device as found in Section 41-6-61 subparagraph 3. I'll grant the city's motion to amend to conform to the facts of the case. There's [inaudible] Mr. Martineau crossed left and went across the gore area painted on the road and a solid white line. And I don't think that's ambiguous. It may be where you wanted to go and you felt trapped because you felt the signs preceding that was [sic]

---

1. The sections of the Utah Code referred to herein were amended and renumbered effective February 2, 2005. Utah Code section 41-6-1(26) was amended and renumbered as section 41-6a-102(62), section 41-6-61 was amended and re- numbered as section 41-6a-710, and section 41-6-63.30 was amended and renumbered as section 41-6a-713. *See* Utah Code Ann. §§ 41-6a-102(62), -710, -713 (2005). In this decision, we cite to the prior enactment of these sections.

ambiguous, but it doesn't give you the right to go across the gore area once you've determined that you're in the wrong lane. So the court is going to find you guilty for that reason.

¶ 4 Utah Code section 41–6–61(3) contains no specific reference to a "gore area." *See id.* Instead, this subsection refers generally to traffic-control devices:

(a) Official traffic-control devices [2] may be erected directing specified traffic to use a designated lane or designating those lanes to be used by traffic moving in a particular direction regardless of the center of the roadway.

(b) An operator of a vehicle shall obey the directions of official traffic-control devices erected under Subsection (3)(a).

*Id.*

¶ 5 The section that specifically refers to illegal operation of a motor vehicle through a "gore area" is Utah Code section 41–6–63.30. *See id.* § 41–6–63.30 (Supp.2004). This section provides, in relevant part:

(1) As used in this section:

(a) "Gore area" means the area delineated by two solid white lines that is between a continuing lane of a through roadway and a lane used to enter or exit the continuing lane including similar areas between merging or splitting highways.

. . . .

(2) (a) A person may not operate a vehicle over, across, or within any part of a gore area or an island.

. . . .

(3) A person who violates Subsection (2) is guilty of class C misdemeanor.

*Id.* Martineau was not charged with a violation of this section of the Utah Code.

■■■ ¶ 6 "Article I, section 12 of the Utah Constitution provides that every criminal defendant has a right to know 'the nature and cause of the accusation against him.'" *State v. Burnett,* 712 P.2d 260, 262 (Utah 1985) (quoting Utah Const. art. I, § 12).

"This entitles the accused to be charged with a specific crime, so that he can know the particulars of the alleged wrongful conduct and can adequately prepare his defense." *Id.* (citations omitted). Moreover, " 'well-established principles of statutory construction require that a more specific statute governs instead of a more general statute.' " *De Bartault v. Salt Lake City Corp.,* 913 P.2d 743, 747–48 (Utah 1996) (quoting *Pan Energy v. Martin,* 813 P.2d 1142, 1145 (Utah 1991)).

¶ 7 Here, Martineau was specifically charged with a violation of section 41–6–61(1) (improper lane use). Even when the trial court allowed an amendment, Martineau was charged with a violation under section 41–6–61(3) (failure to obey a traffic-control device). Martineau was *not* charged with a violation of section 41–6–63.30 (gore area violation) and the City's motion to amend did not include this section. Thus, to the extent the trial court ruled that criminal liability was ultimately based on section 41–6–63.30, the judgment cannot stand. Moreover, to the extent the trial court ruled that criminal liability is proper under section 41–6–61, the trial court applied the incorrect statute and its conclusion cannot be sustained. *See State v. Larsen,* 865 P.2d 1355, 1357 (Utah 1993) ("The correct interpretation of a statute is a question of law and is reviewed for correctness.").

¶ 8 Accordingly, the judgment of the trial court is reversed.

---

2. The term "official traffic-control devices" is defined as "all signs, signals, markings, and devices not inconsistent with this chapter placed or erected by authority of a public body or official having jurisdiction, for the purpose of regulating, warning, or guiding traffic." Utah Code Ann. § 41–6–1(26) (Supp.2004).