A06A1370. CORZO TRUCKING CORPORATION et al. v. WEST et al.

(636 SE2d 39)

PHIPPS, Judge.

In 1985, Corzo Trucking Corporation obtained a default money judgment against Robert West in a Florida court. In 2001, Corzo filed the judgment in the State Court of Cobb County under the Uniform Enforcement of Foreign Judgments Law (UEFJL).[1] On motion by West, the state court found enforcement of the judgment time-barred under Georgia law. Corzo appeals, arguing that time limitations for enforcement of judgments in Georgia should begin to run from the date of the filing of the judgment in Georgia. Under the circumstances of this case, we disagree and affirm.

Corzo and others obtained the judgment against West and others in the principal amount of $120,223.80 in the Circuit Court of the 15th Judicial Circuit of Florida in and for Palm Beach County. After West was served with notice of Corzo's filing of the judgment in Georgia, he obtained a temporary stay of its enforcement and moved to set it aside in the Florida circuit court on the ground of invalidity of service of process. After the Florida court denied the motion to set the judgment aside, West filed pleadings in the State Court of Cobb County challenging enforceability of the judgment on other grounds. Among other things, West argued that enforcement of the judgment is time-barred under Georgia law. Although the state court found no merit in any of West's other arguments, it agreed that the Georgia statute of limitation had run on enforcement of the judgment and granted West's motion for a stay of enforcement.

---

[11] See id. at 735 (3) (a); *Smith v. State*, 255 Ga. App. 580, 583 (1) (565 SE2d 904) (2002).

[1] OCGA § 9-12-130 et seq.

Under the UEFJL, "[a] filed foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying as a judgment of the court in which it is filed and may be enforced or satisfied in like manner."[2] Therefore, the judgment debtor is entitled to a stay of enforcement of a foreign judgment if he "shows the court any ground on which enforcement of a judgment of the court of this state would be stayed."[3] The UEFJL thus "provides a summary procedure for endowing a filed foreign judgment with the same effect as a judgment of the court in which it is filed. It is not a new action but merely picks up where it was left off in the state where rendered. Any litigation ensuing is limited to that which is afforded any other Georgia judgment."[4]

The Georgia statute of limitation specifically applicable to actions on foreign judgments is OCGA § 9-3-20, which generally requires all actions upon judgments obtained outside this state to be brought within five years after such judgments have been obtained. In *Wright v. Trust Co. Bank*,[5] and then later in *Aetna Ins. Co. v. Williams*,[6] we found OCGA § 9-3-20 inapplicable to foreign judgments filed in this state under the UEFJL because they effectively become Georgia judgments upon domestication.

OCGA § 9-12-60 (a) (1) (Georgia's dormancy-of-judgments statute) provides that "[a] judgment shall become dormant and shall not be enforced . . . [w]hen seven years shall elapse after the rendition of the judgment before execution is issued thereon and is entered on the general execution docket of the county in which the judgment was rendered." In *Aetna Ins. Co. v. Williams*,[7] we held that judgments filed under the UEFJL are subject to a stay of enforcement if they are dormant under OCGA § 9-12-60 (a). Thus, in *Aetna*, a 1990 judgment of a federal district court sitting in Florida was enforceable when filed in Georgia in 1996 because it was not dormant.

OCGA § 9-12-61 (Georgia's judgment-renewal statute), however, allows a dormant judgment to be revived within three years from the time it becomes dormant. Although a judgment thus becomes dormant seven years from the date of the last entry upon the execution docket, it does not expire until ten years after that date.[8] OCGA §§ 9-12-60 (a) and 9-12-61 thus operate in tandem as a ten-year

---

[2] OCGA § 9-12-132; *Wright v. Trust Co. Bank*, 219 Ga. App. 551 (466 SE2d 74) (1995).

[3] OCGA § 9-12-134 (b); *Wright*, supra at 552.

[4] Id. at 551 (citations omitted).

[5] Supra.

[6] 237 Ga. App. 881, 882 (1) (517 SE2d 109) (1999).

[7] Supra.

[8] *Johnson v. Huggins*, 7 Ga. App. 553, 554 (67 SE 217) (1910).

statute of limitation for the enforcement of Georgia judgments. Accordingly, in *Wright*, a 1987 Alabama judgment was enforceable when filed in Georgia in 1995 because the statute of limitation had not run on the dormant judgment.

Therefore, the state court correctly found the Florida judgment unenforceable in Georgia if the ten-year limitation established by OCGA §§ 9-12-60 (a) (1) and 9-12-61 began to run at the time the judgment was rendered in Florida. On the other hand, the judgment is enforceable if, as argued by Corzo, the Georgia time limitation did not begin to run until the judgment was filed in Georgia.

In support of its argument, Corzo relies on the line of cases spawned by the decision of the Supreme Court of Utah in *Pan Energy v. Martin*.[9] In that case, Pan Energy Company obtained a judgment against Martin in a federal district court in Oklahoma in September 1982 and then filed the judgment in Utah pursuant to Utah's foreign judgment act in August 1987. Oklahoma provides by statute that judgments not executed within five years after the date of the judgment become unenforceable. The Utah Code establishes an eight-year statute of limitation for the enforcement of judgments. *Pan Energy* held that because the Oklahoma judgment remained enforceable in Oklahoma when it was filed in Utah, it became a new judgment for purposes of enforcement in Utah, with Utah's eight-year statute of limitation beginning to run from the date of the filing of the judgment in Utah.

In *Potomac Leasing Co. v. Dasco Technology Corp.*,[10] however, the Supreme Court of Utah later determined that enforcement of a 1985 Texas judgment filed in Utah in 1997 was barred by Utah's eight-year statute of limitation even though the judgment was valid and enforceable in Texas at the time of the Utah filing. The *Potomac* court thus engrafted an additional requirement onto *Pan Energy* in order for Utah's eight-year statute of limitation to begin running at the time of the filing of a foreign judgment in Utah. Specifically, *Potomac* held that the judgment must be filed in Utah within Utah's eight-year statute of limitation, which begins to run from the date the judgment is entered or last renewed in the rendering state.

This case is more on point with *Potomac* than *Pan Energy*. As in *Pan Energy*, the judgment in this case was valid and enforceable in the rendering state (Florida) at the time of its filing in the receiving state (Georgia), because Florida law generally vests judgments with a 20-year life.[11] But as in *Potomac* and unlike *Pan Energy*, the statute

---

[9] 813 P2d 1142 (Utah 1991).

[10] 10 P3d 972 (Utah 2000).

[11] See *Burshan v. Nat. Union Fire Ins. Co. of Pittsburgh*, 805 S2d 835 (Fla. Dist. Ct. App.

of limitation had run on enforcement of the judgment under the law of the receiving state (Georgia) when viewed from the date of rendition of the judgment in the state in which the judgment originated (Florida).

More importantly, a determination that the filing of the 1985 Florida judgment in Georgia in 1991 began the running of Georgia's time limitation for enforcement of judgments in 1991 would mean that the judgment would not "ha[ve] the same effect"[12] as a Georgia judgment or be "subject to the same . . . defenses"[13] as a Georgia judgment, in that a Georgia judgment is extinguished ten years after its rendition if there has been neither an entry of execution on the general execution docket of the county nor a renewal.[14] To run the Georgia time limitation from the date of the filing of the judgment rather than from the date of rendition of the judgment would thus be contrary to the language of the UEFJL and of Georgia's dormancy-of-judgment and judgment-renewal statutes. Such a holding would also be at odds with our observation in *Wright* that a foreign judgment filed in Georgia under the UEFJL "merely picks up where it was left off in the state where rendered" and that any litigation is "limited" to that which is afforded any other Georgia judgment.[15] And it would transmute the Florida judgment into one having a significantly longer life than either a judgment of Florida or of Georgia. That could not have been the intent of the legislature in enacting the UEFJL. Accordingly, the state court did not err in granting West's motion for a stay of enforcement of the judgment.

*Judgment affirmed. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED AUGUST 8, 2006 —
RECONSIDERATION DENIED AUGUST 30, 2006.

*Harold M. Hubbard*, for appellants.
*Glenville Haldi*, for appellees.

---

2001), citing Fla. Stat. § 95.11 (1).

[12] OCGA § 9-12-132.

[13] Id.

[14] The record does not show that any writ of execution was issued on the Florida judgment or recorded on the electronic docketing system that is Florida's substitute for the general execution dockets in Georgia counties, or that there has been any other enforcement activity on the judgment in Florida.

[15] *Wright*, supra at 551.