**FOURTH DIVISION**
**DILLARD, C. J.,**
**RAY and SELF, JJ.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**January 25, 2018**

# In the Court of Appeals of Georgia

A17A1559. AUTOMOTIVE CREDIT CORP. v. WHITE.

DILLARD, Chief Judge.

Automotive Credit Corporation ("ACC") appeals the trial court's denial of its petition to domesticate and enforce a judgment that was entered by a Michigan court in its favor against Dominique White in 2007. Specifically, ACC argues that the trial court erred in concluding that the foreign judgment was not subject to domestication in Georgia because it became dormant seven years after it was entered. For the reasons set forth *infra*, we reverse.

The record shows that on August 3, 2007, a Michigan court entered a default judgment against White, awarding ACC a total of $24,450.27 in damages, interest,

attorney fees, and other litigation costs.[1] Approximately nine years and three months later, on November 7, 2016, ACC filed an action in the State Court of Cobb County under the Uniform Enforcement of Foreign Judgments Law ("UEFJL")[2] to domesticate and enforce the 2007 Michigan judgment. White did not respond to ACC's petition, but the trial court nevertheless denied it, finding that the Michigan judgment was not subject to domestication in Georgia because, under OCGA § 9-12-60, the judgment became dormant seven years after it was entered. This appeal by ACC follows.

In its sole argument, ACC maintains that the trial court erred in finding that its petition was untimely because, in Georgia, a foreign judgment is subject to enforcement for *ten* years following the entry of the judgment. We agree.

Under the UEFJL a filed foreign judgment has "the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying as a judgment of the court in which it is filed and may be

---

[1] It is not entirely clear from the record or the parties' briefs what claims were at issue in the Michigan case, but White's brief suggests that the claims may have been related to the sale of a vehicle. Nevertheless, the substance of the case giving rise to the Michigan judgment is not pertinent to the resolution of this appeal.

[2] *See* OCGA § 9-12-130, *et seq.*

enforced or satisfied in like manner."[3] Thus, the judgment debtor is "entitled to a stay

of enforcement of a foreign judgment if he shows the court any ground on which

enforcement of a judgment of the court of this state would be stayed."[4] Simply put,

the UEFJL provides "a summary procedure for endowing a filed foreign judgment

with the same effect as a judgment of the court in which it is filed."[5] Indeed, it is not

a "new action but merely picks up where it was left off in the state where

_____

[3] OCGA § 9-12-132.

[4] *Corzo Trucking Corp. v. West*, 281 Ga. App. 361, 362 (636 SE2d 39) (2006) (quoting OCGA § 9-12-134 (b)); *accord Aetna Ins. Co. v. Williams*, 237 Ga. App. 881, 882 (1) (517 SE2d 109) (1999).

[5] *West*, 281 Ga. App. at 362; *accord Hammette v. Eickemeyer*, 203 Ga. App. 243, 243 (416 SE2d 824) (1992); *see Noaha, LLC v. Vista Antiques & Persian Rugs, Inc.*, 306 Ga. App. 323, 325 (1) (702 SE2d 660) (2010) (noting that, under the UEFJL "once a foreign judgment is properly authenticated and filed, it has the same effect and is subject to the same procedures as a judgment of a Georgia court"); *see also Lemcon USA Corp. v. Icon Tech. Consulting, Inc.*, 301 Ga. 888, 890 (804 SE2d 347) (2017) (noting that the UEFJL "operates within the shadow of the Full Faith and Credit Clause of the [United States] Constitution" and thus, "a judgment of a foreign court will be enforced by the courts of this state unless it is shown that the foreign court lacked jurisdiction of the person or subject matter or that the judgment was procured by fraud" (punctuation omitted)); U.S. Const. Art. IV, Sec. 1 ("Full Faith and Credit shall be given in each State to the . . . judicial [p]roceedings of every other State.").

rendered[,]"[6] and "[a]ny litigation ensuing is limited to that which is afforded any other Georgia judgment."[7]

As to the Georgia law applicable to this case, OCGA § 9-12-60 provides that a judgment shall become dormant and will not be enforced "[w]hen seven years . . . elapse[s] after the rendition of the judgment before execution is issued thereon and is entered on the general execution docket of the county in which the judgment was rendered[.]"[8] And OCGA § 9-12-61 further provides that "[w]hen any judgment obtained in any court becomes dormant, the same may be renewed or revived by an action or by scire facias, at the option of the holder of the judgment, within three years from the time it becomes dormant." In this respect, ACC correctly notes that, in *Corzo Trucking Corp. v. West*,[9] we held that these two statutes "operate in tandem

---

[6] *West*, 281 Ga. App. at 362; *accord Wright v. Tr. Co. Bank*, 219 Ga. App. 551, 551 (466 SE2d 74) (1995).

[7] *West*, 281 Ga. App. at 362; *accord Wright*, 219 Ga. App. at 551.

[8] OCGA § 9-12-60 (a) (1); *see Williams*, 237 Ga. App. at 883 (1) (holding that, just like Georgia judgments, foreign judgments filed under the UEFJL become dormant under OCGA § 9-12-60 (1) (a) when seven years elapse after rendition of judgment and before execution thereon is issued and entered on the general execution docket).

[9] 281 Ga. App. 361 (636 SE2d 39) (2006).

as a ten-year statute of limitation for the enforcement of Georgia judgments."[10] Indeed, although a judgment becomes dormant seven years from the date of the last entry upon the execution docket, "it does not expire until ten years after that date."[11] And applying these statutes to enforcement of foreign judgments specifically, we further explained that the ten-year limitation period begins to run when the foreign judgment is rendered.[12] To hold otherwise would mean that the foreign judgment "would not have the same effect as a Georgia judgment or be subject to the same defenses as a Georgia judgment, in that a Georgia judgment is extinguished ten years

---

[10] *Id.* at 363-64. For context, in *West*, the appellant obtained a 1985 judgment against the appellee in Florida, and in 2001, it filed an action under the UEFJL in Georgia to enforce the foreign judgment. *See id.* at 361. The particular issue in that case was whether, when applied to foreign judgments, the ten-year limitation period for enforcement of a judgment began to run at the time the original judgment was rendered in Florida or at the time when the judgment was filed in Georgia for enforcement. *See id.* at 363. Ultimately, we held that the ten-year limitations period began to run at the time of the original Florida judgment, thus, we held that the trial court did not err in granting the appellee's motion for a stay of enforcement of the judgment. *Id.* at 364.

[11] *West*, 281 Ga. App. at 364.

[12] *See id.*

5

after its rendition if there has been neither an entry of execution on the general execution docket of the county nor a renewal."[13]

The trial court, then, was required to treat the August 3, 2007 Michigan judgment as if it had been entered in Georgia, and in doing so, the court correctly found that, under OCGA § 9-12-60, the judgment became dormant seven years after it was entered. But here, the trial court overlooked the fact that ACC had an additional three years after the judgment became dormant to revive it under OCGA § 9-12-61. And because ACC sought domestication and enforcement of the Michigan judgment in November 2016, less than ten years after its entry, it was enforceable in Georgia.[14]

---

[13] *Id.* (punctuation and footnote omitted); *see supra* notes 3-5 & accompanying text; *Okekpe v. Commerce Funding Corp.*, 218 Ga. App. 705, 706 (463 SE2d 23) (1995) (holding that when the UEFJL applies, "[a]ny litigation ensuing is limited to that which is afforded any other Georgia judgment" (punctuation omitted)); *Wright*, 219 Ga. App. at 552 ("[A] foreign judgment so filed stands in the same shoes as a judgment of the court in which it is filed.").

[14] As recently acknowledged by the Supreme Court of Georgia, this Court "has long held that the proper way to attack a foreign judgment filed in Georgia—and thereby raise the bases for attack permitted by the Full Faith and Credit Clause—is to move to set [it] aside under OCGA § 9-11-60 (d)." *Lemcon USA Corp.*, 301 Ga. at 890. And although White did not file any such motion, it is worth noting that, even if she had, "[a] Georgia trial court cannot actually set aside a foreign judgment; all it can do is decline to enforce it in Georgia." *Id.* at 892 n.3; *see Okekpe*, 218 Ga. App. at 713 (5) ("[F]or purposes of enforcement *in Georgia*, though not elsewhere, the

6

For all these reasons, we reverse the trial court's denial of ACC's petition to domesticate and enforce the Michigan judgment.

*Judgment reversed. Ray and Self, JJ., concur.*

---

Georgia court is considered a court of rendition in OCGA § 9-11-60 (d). The effect, in the foreign state, of a Georgia court's setting aside the domesticated judgment would only affect its enforceability here." (Beasley, C.J., concurring specially)). In this case, while ACC filed a petition seeking *enforcement* of the Michigan judgment, the trial court found that it was not subject to *domestication* in Georgia in the first place. To the contrary, OCGA § 19-12-132 provides that a properly authenticated foreign judgment may be filed in the clerk's office of any court of competent jurisdiction in this state, but when a litigant chooses to do so, "[t]he clerk *shall* treat the foreign judgment in the same manner as a judgment of the court in which the foreign judgment is filed." (Emphasis supplied). There has been no suggestion that ACC's foreign judgment was not properly authenticated or otherwise did not satisfy the applicable filing requirements. Thus, the trial court erred in finding that it was not subject to *domestication* in Georgia, rather than ruling upon whether the judgment was *enforceable* here.